Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7876
jpopolizio@jshfirm.com
jackerman@jshfirm.com

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft and Anya Chapman, as husband and wife, and on behalf of minors J.W. and B.W., | NO. 2:18-cv-02347-ROS |
| Plaintiffs, | **DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |
| v. | |
| City of Glendale, a municipal entity; Matt Schneider, in his official and individual capacities; Mark Lindsey, in his official and individual capacities; and Michael Fernandez, in his official and individual capacities, | |
| Defendants. | |

Defendants, City of Glendale, Matt Schneider, Mark Lindsey and Michael Fernandez, for their Answer to Plaintiffs' Amended Complaint, deny each and every, all and singular, of the allegations contained in Plaintiffs' Amended Complaint and each claim for relief that Defendants do not expressly admit or to which Defendants do not otherwise plead. Defendants admit, deny, and allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.      In answering Paragraph 1 of Plaintiffs' Amended Complaint, Defendants admit that it appears that Plaintiffs are alleging claims pursuant to 42 U.S.C. §1983, and the First, Fourth, and Fourteenth Amendments of the United States Constitution. However, to the extent that Plaintiffs contend that the allegations contained

7196135.1

in Paragraph 1 or any other  paragraph of Plaintiffs' Amended Complaint purport to allege a viable cause of action against these answering Defendants, Defendants deny the same.

2.     In answering Paragraph 2 of Plaintiffs' Amended Complaint, Defendants admit that jurisdiction and venue are proper in this Court, but deny that Plaintiffs' Amended Complaint purports to allege a viable cause of action against these answering Defendants.

3.     In answering Paragraph 3 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs' Amended Complaint alleges events that occurred in the state of Arizona, but deny that the claims set forth in the Amended Complaint alleged viable causes of action against these answering Defendants.

4.     In answering Paragraph 4 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 4 and, therefore, deny the same and leave Plaintiffs to their proof.

5.     In answering Paragraph 5 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, deny the same and leave Plaintiffs to their proof.

6.     In answering Paragraph 6 of Plaintiffs' Amended Complaint, Defendants admit that the City of Glendale is an Arizona municipality under Title 9 of the Arizona Revised Statutes.

7.     In answering Paragraph 7 of Plaintiffs' Amended Complaint, Defendants admit that the City of Glendale is an Arizona municipality and, generally, as may be permitted by law, that it may be subject to a civil suit, under certain circumstances, and may be held vicariously liable for the wrongful conduct of its employees, under certain circumstances. In further answering Paragraph 7, Defendants affirmatively assert that Plaintiffs do not assert any state law claims and that vicarious liability is inapplicable to § 1983 actions.  In addition, to the extent that Plaintiffs contend that the allegations contained in Paragraph 7 of Plaintiffs' Amended Complaint purport to

allege a viable cause of action against these answering Defendants, Defendants deny the same.

8.     In answering Paragraph 8 of Plaintiffs' Amended Complaint, Defendants admit the allegations therein.

9.     In answering Paragraph 9 of Plaintiffs' Amended Complaint, Defendants admit the allegations therein.

10.    In answering Paragraph 10 of Plaintiffs' Amended Complaint, Defendants admit the allegations therein.

11.    In answering Paragraph 11 of Plaintiffs' Amended Complaint, Defendants admit that Defendants Schneider, Lindsey, and Fernandez were Police Officers with the Glendale Police Department, employed by the City of Glendale, and at the time of the subject incident of this Amended Complaint were acting in the course and scope of their employment with the City of Glendale.  In further answering Paragraph 11 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiff alleges that Plaintiffs are suing Defendants Schneider, Lindsey, and Fernandez in their official capacity for alleged state law claims and in his individual capacity for purposes of alleged constitutional claims. However, to the extent that Plaintiffs contend that the allegations contained in Paragraph 11 of Plaintiffs' Amended Complaint purport to allege a viable cause of action against these answering Defendants, Defendants deny the same.

## GENERAL ALLEGATIONS

12.    In answering Paragraph 12 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in Paragraph 12 that Plaintiffs intended to reserve a room so they could enjoy some family time together and, therefore, deny the same and leave Plaintiffs to their proof. Defendants admit the remaining allegations contained in Paragraph 12 of Plaintiffs' Amended Complaint.

13.     Upon information and belief, in answering Paragraph 13 of Plaintiffs' Amended Complaint, Defendants admit that a non-family member was the driver of the vehicle in which Plaintiffs were passengers. Defendants admit the remaining allegations contained in Paragraph 13 of Plaintiffs' Amended Complaint.

14.     In answering Paragraph 14 of Plaintiffs' Amended Complaint, Defendants admit the allegations contained therein.

15.     In answering Paragraph 15 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

16.     In answering Paragraph 16 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

17.     In answering Paragraph 17 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiff Wheatcroft asked Defendant Schneider why he needed to produce identification. In further answering Paragraph 17 of Plaintiffs' Complaint, Defendants assert that no violation of Plaintiff Wheatcroft's First Amendment right to free speech occurred.

18.     In answering Paragraph 18 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

19.     In answering Paragraph 19 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Schneider stated that he would take Plaintiff Wheatcroft down to the police station as Plaintiff Wheatcroft would not provide his name as asked. In further answering Paragraph 19 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 19 and, therefore, deny the same.

20.     In answering Paragraph 20 of Plaintiffs' Amended Complaint, Defendants affirmatively assert that Plaintiff Wheatcroft's refusal to follow lawful commands and reaching into a backpack and the area of the center console of the vehicle, even after being told not to do so jeopardized officer safety and necessitated his removal from the vehicle. Defendants admit that during Defendant Schneider's interaction with

4

Plaintiff Wheatcroft, Defendant Schneider asked Plaintiff Wheatcroft if he was going to fight. In further answering Paragraph 20, Defendants deny the remaining allegations therein.

21.    In answering Paragraph 21 of Plaintiffs' Amended Complaint, Defendants admit that during his interaction with Plaintiff Wheatcroft, Defendant Schneider holstered his Taser and that he justifiably administered a control hold to Plaintiff Wheatcroft to remove Plaintiff Wheatcroft from the vehicle to ensure officer safety. As for the remaining allegations contained in Paragraph 21 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 21 and, therefore, deny the same.

22.    In answering Paragraph 22 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Lindsey assisted Defendant Schneider in beginning to physically remove Plaintiff Wheatcroft from the vehicle and that Defendant Lindsey placed his Taser on Plaintiff Wheatcroft's shoulder while Defendant Schneider attempted to remove Plaintiff Wheatcroft from the vehicle while applying a control hold. In further answering Paragraph 22, Defendants affirmatively assert that Plaintiff Wheatcroft was not restrained, but became tangled in the seatbelt after his physical resistance and refusal to follow lawful commands. As for the remaining allegations contained in Paragraph 22, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 22 and, therefore, deny the same.

23.    In answering Paragraph 23 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Lindsey applied three, short drive stun mode applications of his Taser to Plaintiff Wheatcroft while Defendant Schneider applied a control hold to Plaintiff Wheatcroft to remove him from the vehicle, and that Plaintiff became tangled in his seatbelt while he resisted the officers.

24.    In answering Paragraph 24 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs Anya Chapman, J.W., and B.W. during the subject incident and that a minor presumed to be Plaintiff J.W. asked the officers to stop.  As for

1    the remaining allegations set forth in Paragraph 24, Defendants lack sufficient information

2    to form a belief as to the truth of the remaining allegations contained in Paragraph 24 and,

3    therefore, deny the same.

4              25.    In answering Paragraph 25 of Plaintiffs' Amended Complaint,

5    Defendants admit that Defendant Schneider backed away from Plaintiff Wheatcroft and

6    activated his Taser in dart mode on Plaintiff Wheatcroft after Plaintiff Chapman

7    committed an aggravated assault on Defendant Lindsey which rendered defendant

8    Lindsey unconscious and incapacitated.

9              26.    In answering Paragraph 26 of Plaintiffs' Amended Complaint,

10   Defendants admit that Defendant Fernandez arrived on the scene and applied his Taser to

11   Plaintiff Wheatcroft. As for the remaining allegations contained in Paragraph 26,

12   Defendants deny the same.

13             27.    In answering Paragraph 27 of Plaintiffs' Amended Complaint,

14   Defendants admit that Defendant Fernandez handcuffed the resisting Plaintiff Wheatcroft

15   and that when the resisting Plaintiff Wheatcroft was handcuffed he was facing the interior

16   of the front passenger area of the vehicle while his knees were on the concrete.

17   Defendants deny the remaining allegations contained in Paragraph 27.

18             28.    In answering Paragraph 28 of Plaintiffs' Amended Complaint,

19   Defendants admit that Defendant Schneider deployed his Taser on the resisting Plaintiff

20   Wheatcroft while he was handcuffed. As for the remaining allegations contained in

21   paragraph 28, Defendants deny the same.

22             29.    In answering Paragraph 29 of Plaintiffs' Amended Complaint,

23   Defendants admit that minor J.W. entered the front passenger area of the vehicle and

24   released Plaintiff Wheatcroft's legs from the disengaged seatbelt and that Plaintiff

25   Wheatcroft stated that he was caught in the seatbelt. Defendants further admit that

26   Defendant Schneider requested that minor J.W. get out of the vehicle, but treated him with

27   the care that any child should be afforded under the circumstances, and that minor J.W.

28   cried in the front passenger seat while consoled by the male adult driver. Defendants

further admit that Defendant Fernandez attempted to pull Plaintiff Wheatcroft away from the open passenger compartment of the vehicle. Defendants deny the remaining allegations contained in Paragraph 29 of Plaintiffs' Amended Complaint.

30.    In answering Paragraph 30 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Fernandez, in an attempt to restrain the combative, resisting and non-compliant Plaintiff Wheatcroft, put Plaintiff Wheatcroft chest down on the pavement and that Defendant Schneider tased and kicked Plaintiff Wheatcroft due to his resisting, combative, assaultive conduct. In further answering Paragraph 30 of Plaintiffs' Amended Complaint, Defendants admit that passengers in the vehicle requested that the officers stop. As for the remaining allegations contained in Paragraph 30 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 30 and, therefore, deny the same.

31.    In answering Paragraph 31 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

32.    In answering Paragraph 32 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

33.    In answering Paragraph 33 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Schneider made the statements within the quotations set forth in this paragraph. However, Defendants deny the remaining allegations contained in Paragraph 33. Defendants affirmatively allege that no one, including these answering Defendants, "placed a handgun to Plaintiff Johnny Wheatcroft's head," as Plaintiffs erroneously allege in Paragraph 33.

34.    In answering Paragraph 34 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

35.    In answering Paragraph 35 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Schneider made the statement appearing in quotations and that officers brought Plaintiff Wheatcroft to his feet and removed the Taser prongs

pursuant to policy and that Plaintiff Wheatcroft was screaming. As for the remaining allegations contained in Paragraph 35 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 35 and, therefore, deny the same.

36.     In answering Paragraph 36 of Plaintiffs' Amended Complaint, Defendants admit the allegations therein.

37.     In answering Paragraph 37 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiffs Chapman and minors J.W. and B.W. were present during the subject incident. In further answering paragraph 37 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in Paragraph 37 and, therefore, deny the same.

38.     In answering Paragraph 38 of Plaintiffs' Amended Complaint, Defendants admit that all charges against Plaintiff Wheatcroft as a result of this incident were dismissed. In further answering Paragraph 38 of Plaintiffs' Amended Complaint, Defendants deny the remaining allegations.

39.     In answering Paragraph 39 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegation that Plaintiff Wheatcroft sustained various injuries and therefore deny the same. In further answering Paragraph 39 of Plaintiffs' Amended Complaint, Defendants deny the remaining allegations therein and affirmatively assert that Plaintiff Wheatcroft refused medical treatment.

40.     In answering Paragraph 40 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

41.     In answering Paragraph 41 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

42.     In answering Paragraph 42 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein and affirmatively assert that no Defendant "tortured" any Plaintiff.

43.     In answering Paragraph 43 of Plaintiffs' Amended Complaint, Defendants admit that the Defendant Officers and responding officers acted in the course and scope of the officers' employment with the Glendale Police Department. As for the remaining allegations contained in paragraph 43 of Plaintiffs' Amended Complaint, Defendants deny the same.

44.     In answering Paragraph 44 of Plaintiffs' Amended Complaint, Defendants admit that Plaintiff Wheatcroft was appropriately charged with aggravated assault and resisting arrest and that he was jailed. In further answering Paragraph 44, Defendants deny that Defendants maliciously charged Plaintiff Wheatcroft with any crime. As for the remaining allegations contained in Paragraph 44 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

45.     In answering Paragraph 45 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

46.     In answering Paragraph 46 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

47.     In answering Paragraph 47 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

48.     In answering Paragraph 48 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

## COUNT I

### 42 U.S.C. § 1983 - Excessive Force in Violation of the

### Fourth, Eighth, and Fourteenth Amendments

### (Against Defendants Schneider, Lindsey, and Fernandez)

49.     In answering Paragraph 49 of Plaintiffs' Amended Complaint, Defendants incorporate their answers to Paragraphs 1- 48 of Plaintiffs' Amended Complaint, as if fully set forth herein.

50.     In answering Paragraph 50 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

51.     In answering Paragraph 51 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

52.     In answering Paragraph 52 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

53.     In answering Paragraph 53 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

54.     In answering Paragraph 54 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

55.     In answering Paragraph 55 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

56.     In answering Paragraph 56 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

57.     In answering Paragraph 57 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

58.     In answering Paragraph 58 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

59.     In answering Paragraph 59 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

60.     In answering Paragraph 60 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

61.     In answering Paragraph 61 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

62.    In answering Paragraph 62 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

63.    In answering Paragraph 63 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

## COUNT II

### 42 U.S.C. § 1983 -Retaliation in Violation of the First Amendment

### (Against Defendants Schneider Only)

64.    In answering Paragraph 64 of Plaintiffs' Amended Complaint, Defendants incorporate their answers to Paragraphs 1- 63 of Plaintiffs' Amended Complaint, as if fully set forth herein.

65.    In answering Paragraph 65 of Plaintiffs' Amended Complaint, Defendants admit that Defendant Schneider was acting under the color of law and within the course and scope of his employment with Defendant City of Glendale at the time of the subject incident of this lawsuit. However, to the extent that Plaintiffs' contend that the allegations contained in Paragraph 65 purport to allege a viable cause of action against these answering Defendants, Defendants deny the same.

66.    In answering Paragraph 66 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein and affirmatively assert that no retaliation for any exercise of free speech occurred.

67.    In answering Paragraph 67 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein and affirmatively assert that no retaliation for any exercise of free speech occurred.

68.    In answering Paragraph 68 of Plaintiffs' Amended Complaint, Defendants affirmatively assert that no search of Plaintiff Wheatcroft's property occurred as a result of any exercise of any First Amendment right of Plaintiff Wheatcroft. In further answering Paragraph 68 of Plaintiffs' Amended Complaint, Defendants deny any

unlawful police conduct.  As for the remaining allegations contained in Paragraph 68 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny the same.

69.   In answering Paragraph 69 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

70.   In answering Paragraph 70 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

71.   In answering Paragraph 71 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

72.   In answering Paragraph 72 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

73.   In answering Paragraph 73 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

74.   In answering Paragraph 74 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

75.   In answering Paragraph 75 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

76.   In answering Paragraph 76 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

77.   In answering Paragraph 77 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

78.   In answering Paragraph 78 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

**COUNT III**

**42 U.S.C. § 1983 -Wrongful Arrest in Violation of the**

**Fourth and Fourteenth amendments**

(Against Defendants Schneider, Lindsey, and Fernandez)

79.    In answering Paragraph 79 of Plaintiffs' Amended Complaint, Defendants incorporate their answers to Paragraphs 1- 78 of Plaintiffs' Amended Complaint, as if fully set forth herein.

80.    In answering Paragraph 80 of Plaintiffs' Amended Complaint, Defendants admit that Defendants Schneider, Lindsey, and Fernandez were acting under the color of law and within the course and scope of their employment with Defendant City of Glendale at the time of the subject incident of this lawsuit. However, to the extent that Plaintiffs contend that the allegations contained in Paragraph 80 purport to allege a viable cause of action against these answering Defendants, Defendants deny the same.

81.    In answering Paragraph 81 of Plaintiffs' Amended Complaint, Defendants admit that individuals have the right under the Fourth and Fourteenth Amendments to be free from wrongful arrest. However, Defendants deny that Plaintiff Wheatcroft was wrongfully arrested.

82.    In answering Paragraph 82 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

83.    In answering Paragraph 83 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

84.    In answering Paragraph 84 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

85.    In answering Paragraph 85 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

86.    In answering Paragraph 86 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

87.    In answering Paragraph 87 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

88.    In answering Paragraph 88 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COUNT IV**

**42 U.S.C. § 1983 -Malicious Prosecution in Violation of**

**The Fourth and Fourteenth Amendments**

(Against Defendants Schneider, Lindsey, and Fernandez)

89.    In answering Paragraph 89 of Plaintiffs' Amended Complaint, Defendants incorporate their answers to Paragraphs 1- 88 of Plaintiffs' Amended Complaint, as if fully set forth herein.

90.    In answering Paragraph 90 of Plaintiffs' Amended Complaint, Defendants admit that Defendants Schneider, Lindsey, and Fernandez were acting under the color of law and within the course and scope of their employment with Defendant City of Glendale at the time of the subject incident of this lawsuit. However, to the extent that Plaintiffs contend that the allegations contained in Paragraph 90 purport to allege a viable cause of action against these answering Defendants, Defendants deny the same

91.    In answering Paragraph 91 of Plaintiffs' Amended Complaint, Defendants admit that individuals, including Plaintiff Wheatcroft, have the right under the Fourth and Fourteenth Amendments to be free from malicious prosecution and the right to familial association. However, Defendants deny that Plaintiff Wheatcroft was maliciously prosecuted or that any Defendant interfered with Plaintiff Wheatcroft's right to familial association.

92.    In answering Paragraph 92 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

93.    In answering Paragraph 93 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

94.    In answering Paragraph 94 of Plaintiffs' Amended Complaint, Defendants admit that plaintiff Wheatcroft was in custody for a period of time as a result of his arrest associated with the subject incident. Further answering Paragraph 94 of

1  Plaintiffs' Amended Complaint, Defendants assert that Plaintiff Wheatcroft was, and upon
2  information and belief still is, incarcerated as a result of other crimes.

3       95.   In answering Paragraph 95 of Plaintiffs' Amended Complaint,
4  Defendants deny the allegations therein.

5       96.   In answering Paragraph 96 of Plaintiffs' Amended Complaint,
6  Defendants lack sufficient information to form a belief as to the truth of the allegations
7  regarding any interview or employment opportunities of Plaintiff Wheatcroft and,
8  therefore, deny the same. As for the remaining allegations contained in Paragraph 96 of
9  Plaintiffs' Amended Complaint, Defendants deny the same.

10       97.   In answering Paragraph 97 of Plaintiffs' Amended Complaint,
11  Defendants deny the allegations therein.

12       98.   In answering Paragraph 98 of Plaintiffs' Amended Complaint,
13  Defendants deny the allegations therein.

14       99.   In answering paragraph 99 of Plaintiffs' Amended Complaint,
15  Defendants admit that the charges against Plaintiff Wheatcroft were dismissed. In further
16  answering Paragraph 99 of Plaintiffs' Amended Complaint, Defendants lack sufficient
17  information to form a belief as to the truth of those remaining allegations and, therefore,
18  deny the same.

19       100.   In answering Paragraph 100 of Plaintiffs' Amended Complaint,
20  Defendants deny the allegations therein.

21       101.   In answering Paragraph 101 of Plaintiffs' Amended Complaint,
22  Defendants deny the allegations therein.

23       102.   In answering Paragraph 102 of Plaintiffs' Amended Complaint,
24  Defendants deny the allegations therein.

25       103.   In answering Paragraph 103 of Plaintiffs' Amended Complaint,
26  Defendants deny the allegations therein.

27

28

# COUNT V

## Civil Rights Violations - 42 U.S.C. § 1983

(Against Defendants Schneider, Lindsey, and Fernandez)

104.   In answering Paragraph 104 of Plaintiffs' Amended Complaint, Defendants incorporate their answers to Paragraphs 1- 103 of Plaintiffs' Amended Complaint, as if fully set forth herein.

105.   In answering Paragraph 105 of Plaintiffs' Amended Complaint, Defendants admit that, generally, parents have a constitutionally protected liberty interest under the 14th Amendment.

106.   In Answering Paragraph 106 of Plaintiffs' Amended Complaint, Defendants admit that Courts have recognized that the First Amendment protects the fundamental right to intimate association, which includes the familial association between parents and children. In further answering Paragraph 106 of Plaintiffs' Amended Complaint, to the extent that Plaintiffs contend that the allegations contained in Paragraph 106 of their Amended Complaint purport to allege a viable cause of action against these answering Defendants, Defendants deny the same.

107.   In answering Paragraph 107 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

108.   In answering Paragraph 108 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

109.   In answering Paragraph 109 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

110.   In answering Paragraph 110 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

111.   In answering Paragraph 111 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

112.    In answering Paragraph 112 of Plaintiffs' Amended Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations regarding the alleged loss of familial companionship due to Plaintiff Wheatcroft's incarceration and, therefore, deny the same. In further answering Paragraph 112, Defendants deny the remaining allegations contained therein.

113.    In answering Paragraph 113 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

114.    In answering Paragraph 114 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

115.    In answering Paragraph 115 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

## COUNT VI

### 42 U.S.C. § 1983 -Municipal Liability

### (Against Defendant City of Glendale)

116.    In answering Paragraph 116 of Plaintiffs' Amended Complaint, Defendants incorporate their answers to Paragraphs 1- 115 of Plaintiffs' Amended Complaint, as if fully set forth herein.

117.    In answering Paragraph 117 of Plaintiffs' Amended Complaint, Defendants assert that under certain circumstances a custom or policy may be the moving force behind a violation of constitutional rights, but that the facts of the subject lawsuit do not present such a case.  In further answering Paragraph 117 of Plaintiffs' Amended Complaint, to the extent that Plaintiffs contend that the allegations contained in Paragraph 117 of their Amended Complaint purport to allege a viable cause of action against Defendant City of Glendale, Defendants deny the same.

118.    In answering Paragraph 118 of Plaintiffs' Amended Complaint, Defendants assert that under certain circumstances ratification could result in municipal

liability for violations of constitutional rights, but the facts of the subject lawsuit do not present such a case. In further answering Paragraph 118 of Plaintiffs' Amended Complaint, to the extent that Plaintiffs contend that the allegations contained in Paragraph 118 of their Amended Complaint purport to allege a viable cause of action against Defendant City of Glendale, Defendants deny the same.

119. In answering Paragraph 119 of Plaintiffs' Amended Complaint, Defendants assert that under certain circumstances failure to train could result in municipal liability for violations of constitutional rights, but the facts of the subject lawsuit do not present such a case. In further answering Paragraph 119, to the extent that Plaintiffs contend that the allegations contained in Paragraph 119 of their Amended Complaint purport to allege a viable cause of action against Defendant City of Glendale, Defendants deny the same.

120. In answering Paragraph 120 of Plaintiffs' Amended Complaint, Defendants admits that Defendants Schneider, Lindsey, and Fernandez were Police Officers with the Glendale Police Department, employed by the City of Glendale, and at the time of the subject incident of this Amended Complaint were acting in the course and scope of their employment with the City of Glendale and that as City of Glendale Police Officers, certain City of Glendale Police Department policies are applicable to their official conduct as police officers. In further answering Paragraph 120, Defendants deny any deliberate indifference toward training or supervision of the defendant officers, and to the extent that Plaintiffs contend that the allegations contained in Paragraph 120 of their Amended Complaint purport to allege a viable cause of action against Defendant City of Glendale for deliberate indifference toward training and supervision, or otherwise, Defendants deny the same.

121. In answering Paragraph 121 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

122. In answering Paragraph 122 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

123. In answering Paragraph 123 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

124. In answering Paragraph 124 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

125. In answering Paragraph 125 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

126. In answering Paragraph 126 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

127. In answering Paragraph 127 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

128. In answering Paragraph 128 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

129. In answering Paragraph 129 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

130. In answering Paragraph 130 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

131. In answering Paragraph 131 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

132. In answering Paragraph 132 of Plaintiffs' Amended Complaint, Defendants deny the allegations therein.

## Affirmative Defenses

133. As and for a separate affirmative defense, and in the alternative, Defendants allege that Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted against them.

134. As and for a separate affirmative defense, and in the alternative, Defendants allege that Plaintiffs may have failed to comply with A.R.S. Section 12-821.01 and if a genuine issue of material fact exists as to whether Plaintiffs complied with

the requirements of this section, Defendants will seek to resolve any issues before a trial on the merits, at the earliest possible time.

135.   As and for a separate affirmative defense, and in the alternative, Defendant City of Glendale and its employees do not owe a general duty to the public at large, rather, they only owe a duty based on "special relationship recognized by the common law or relationships created by public policy," neither of which exists in this action. *Quiroz v. Alcoa Inc.*, 243 Ariz. 560, 416 P.3d 824 (2018).

136.   As and for a separate affirmative defense, and in the alternative, Defendants allege that Defendants Schneider, Lindsey, and Fernandez and any other employee-police officer involved in the subject incident of this action used only reasonable and necessary force under the totality of the circumstances.

137.   As and for a separate affirmative defense, and in the alternative, Defendants allege that they are entitled to all privileges and immunities extended to governmental entities and their employees.

138.   As and for a separate affirmative defense, and in the alternative, Defendants allege that Plaintiffs Wheatcroft and Chapman were contributorily negligent, and/or that they assumed the risk of their alleged injuries, if any, and/or any injuries that they received were the result of an intervening/superseding cause or through the negligence of someone other than these answering Defendants and/or any City of Glendale employees, all of which bars recovery to Plaintiffs from these answering Defendants.

139.   As and for a separate affirmative defense, and in the alternative, Defendants allege that Plaintiffs Wheatcroft and Chapman were negligent in whole or in part, thereby reducing or eliminating any damages owing by these answering Defendants by way of the doctrine of comparative negligence.

140.   As a separate defense, and in the alternative, Defendants allege that Plaintiffs' alleged injuries were directly or proximately caused in whole or in part by acts or omissions of other parties, and this answering Defendants' liability to Plaintiff, if any,

1   should be apportioned, denied or reduced in accordance with each party's and non-party's

2   degree of fault of responsibility pursuant to A.R.S. § 12-2506.

3        141.   As and for a separate affirmative defense, and in the alternative,

4   Defendants affirmatively assert that the involved police officers at all times acted

5   reasonably and appropriately under the totality of the circumstances.

6        142.   As and for a separate affirmative defense, and in the alternative,

7   Defendants affirmatively assert that all or a portion of Plaintiffs' alleged damages, if any,

8   were all or partly proximately caused by the actions or inactions of Plaintiffs Wheatcroft

9   and Chapman and by operation of law are imputed to Plaintiffs, all of which either bars or

10  reduces on a comparative basis, any recovery against these answering Defendants.

11       143.   As and for a separate affirmative defense, and in the alternative,

12  Defendants allege that Plaintiffs failed to follow the lawful commands of officers.

13       144.   As and for a separate affirmative defense, and in the alternative,

14  Defendants allege that its employees did not act with a purpose to harm or with deliberate

15  indifference to the rights of anyone, including Plaintiffs, for reasons unrelated to the

16  legitimate law enforcement objectives.

17       145.   As and for a separate affirmative defense, and in the alternative,

18  Defendants allege that it is entitled to all applicable privileges and immunities afforded to

19  it and its officers, including qualified immunity, extended to governmental employees.

20       146.   As and for a separate affirmative defense, and in the alternative,

21  Defendants allege that their actions and the actions of all other Defendant City of

22  Glendale employees, at all times relevant to the allegations set forth in Plaintiffs'

23  Complaint, were objectively reasonable under the circumstances then existing.

24       147.   As and for a separate affirmative defense, and in the alternative,

25  Plaintiffs may have failed to mitigate their damages, if any, thus barring or reducing any

26  recovery against Defendants.

27

28

148.   As and for a separate affirmative defense, and in the alternative, Defendant's employees' use of force was justified and privileged under *Graham v. Connor*, 490 U.S. 386 (1989) and *Scott v. Harris*, 550 U.S. 372 (2007).

149.   As and for a separate affirmative defense, and in the alternative, Defendants allege that the interference of Plaintiffs Wheatcroft and Chapman was unjustified and unlawful, and that any injuries Plaintiffs allegedly sustained were the result of that interference with responding law enforcement personnel and the legal and justifiable use of force by law enforcement.

150.   As for a separate affirmative offense, Defendants assert that Plaintiffs Chapman and Wheatcroft committed aggravated assault on the officers present at the scene while the officers attempted to execute their official duties in violation of A.R.S. § 13-1204.

151.   As and for a separate affirmative defense, and in the alternative, Defendants allege that the use of force by police officers was justified and, therefore, reasonable, and that there is no duty to retreat under A.R.S. §13-411.

152.   As and for a separate affirmative defense, and in the alternative, Defendants allege that neither it nor its officers are subject to civil liability for engaging in justified conduct pursuant to A.R.S. § 13-413.

153.   As and for a separate affirmative defense, and in the alternative, Defendants allege that the actions of the police officers were justified and in self -defense pursuant to A.R.S. §§ 13-404, 13-405, 13-406, and 13-409.

154.   As and for a separate defense and in the alternative, Defendants allege that Plaintiffs assumed the risk of their damages, acted in direct and intentional violation of Arizona law, and acted intentionally and knowingly, jeopardizing their safety and well-being, all of which bars recovery or reduces recovery to the Plaintiffs herein from these answering Defendants.

155.   As and for a separate defense and in the alternative, Defendants allege that Plaintiff s cannot pursue punitive damages on any federal claim against a governmental entity or individually named Defendants in their official capacities.

156.   As and for a separate defense and in the alternative, Defendants allege that Plaintiffs cannot establish, that Answering Defendants proximately caused the deprivation of a right, privilege, or immunity protected by the United States Constitution or federal law.

157.   As and for a separate defense and in the alternative, Defendant City of Glendale alleges that it did not have a policy, practice or custom requiring its employees, including police officers to violate the civil rights of persons, nor did Defendant City of Glendale have a policy, practice or custom of endorsing or ratifying any such conduct by its employees.

158.   As and for a separate defense and in the alternative, Defendants allege that Defendant City of Glendale did not ratify any unconstitutional conduct.

159.   As and for a separate defense and in the alternative, Defendants deny that there were any constitutional violations by Defendants and, as a result, Plaintiffs cannot recover under *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) in the absence of a constitutional violation.

160.   As and for a separate defense and in the alternative, Defendants allege that plaintiff does not plead any facts demonstrating that the City of Glendale has a policy or procedure that is the moving force behind any alleged constitutional injury.

161.   As and for a separate defense and in the alternative, Defendant City of Glendale alleges that none of its training was constitutionally deficient.

162.   As and for a separate defense and in the alternative, the City of Glendale was not callously or deliberately indifferent in its training regarding the adoption of proper customs, policies and procedures for the City of Glendale Police Department.

163.   As and for a separate defense and in the alternative, Plaintiffs cannot establish that any alleged failure to train or supervise was likely to produce a wrong

decision as to support an inference of deliberate indifference by City of Glendale policymakers to the need to train or supervise.

164.    As and for a separate defense and in the alternative, Defendants allege that vicarious liability is inapplicable to actions under 42 U.S.C. §1983.

165.    As and for a separate defense and in the alternative, these Answering Defendants are entitled to all privileges and immunities, including qualified immunity, extended to governmental entities and employees under federal law.

166.    These Answering Defendants did not act with deliberate indifference or in reckless disregard of Plaintiffs' constitutional rights.

167.    As and for a separate defense and in the alternative, Plaintiffs are not entitled to attorneys' fees pursuant to 42 U.S.C § 1988 or 42 U.S.C. § 1927.

168.    As and for a separate defense and in the alternative, Defendants allege that Plaintiff Wheatcroft was lawfully detained and refused to state his true full name on request of a peace officer which provided probable cause for his arrest under A.R.S. § 13-2412.

169.    Defendants put Plaintiffs on notice that further affirmative defenses may be added in an amended answer after discovery.  During the course of litigation, named Defendants may discover facts which support one or more of the affirmative defenses set forth in Rule 8(c) and/or Rule 12(b) of the Federal Rules of Civil Procedure, and to avoid waiving said defenses, these answering Defendants hereby incorporate them by reference.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendants pray that Plaintiffs take nothing, that Plaintiffs' Complaint be dismissed in its entirety, and that Defendants be awarded their taxable costs and attorney's fees pursuant to 42 U.S.C. §1988 and 28 U.S.C. §1927, as well as any award that the Court deems necessary and appropriate under the circumstances.

1

**JURY DEMAND**

2

Defendants respectfully request a trial by jury.

3

4

DATED this 26th day of November 2018.

5

JONES, SKELTON & HOCHULI, P.L.C.

6

7

By /s/ Joseph J. Popolizio

8

Joseph J. Popolizio
Justin M. Ackerman

9

40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004

10

Attorneys for Defendants

11

**CERTIFICATE OF SERVICE**

12

I hereby certify that on this 26th day of November 2018, I caused the

13

foregoing document to be filed electronically with the Clerk of Court through the

14

CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF

15

system.

16

I further certify that some of the participants in the case are not registered

17

CM/ECF users.  I have mailed the foregoing document to the following non-CM/ECF

18

participants:

19

20

Marc J. Victor

21

Jody L. Broaddus
Attorneys for Freedom

22

3185 South Price Road
Chandler, Arizona 85248

23

Marc@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com

24

Attorneys for Plaintiffs

25

26

/s/ Melissa Ward

27

28

7196135.1

25