**Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SN 020122**
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
Phone: (480) 755-7110
Fax: (480) 857-0150
Marc@AttorneyForFreedom.com
Jody@AttorneyForFreedom.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft and Anya Chapman, as husband and wife, and on behalf of minors J. W. and B. W., | Case No.: 2:18-cv-02347-ROS |
| Plaintiffs, | |
| v. | **SECOND AMENDED COMPLAINT** |
| | **(42 U.S.C. § 1983 Violations)** |
| City of Glendale, a municipal entity; Matt Schneider, in his official and individual capacities; Mark Lindsey, in his official and individual capacities; and Michael Fernandez, in his official and individual capacities; | |
| Defendants. | |

Plaintiffs Johnny Wheatcroft and Anya Chapman, individually, and on behalf of minors J.W. and B.W., for their Complaint against Defendants allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  Plaintiffs bring this action pursuant to 42 U.S.C § 1983, and the First, Fourth, and Fourteenth Amendments of the United States Constitution.

2.  Jurisdiction and venue are proper in the Court pursuant to 28 U.S.C. § 1331 and 1343.

3.  The events at issue in this lawsuit occurred in the State of Arizona.

4. Plaintiffs are, and were at all material times, residents of the State of Arizona.

5. Plaintiffs Johnny Wheatcroft and Anya Chapman are a married couple, and they are the parents of minors J.W. and B.W.

6. Defendant City of Glendale (hereinafter referred to as "Glendale") is a municipality formed and designated as such pursuant to Title 9 of the Arizona Revised Statutes.

7. Defendant Glendale is subject to a civil suit and may be held liable both independently and vicariously, as permitted by federal and state law, for the wrongful conduct of its officers, employees, agents, districts, and divisions/sub-divisions, including the City of Glendale Police Department ("Glendale Police Department") and its officers and employees.

8. At all times material to this Complaint, Defendant Matt Schneider ("Schneider") was resident of the State of Arizona.

9. At all times material to this Complaint, Defendant Mark Lindsey ("Lindsey") was a resident of the State of Arizona.

10. At all times material to this Complaint, Defendant Michael Fernandez ("Fernandez") was a resident of the State of Arizona,

11. At all times material to this Complaint, Defendants Schneider, Lindsey, and Fernandez were all agents and employees of Defendant Glendale and were acting within the course and scope of their employment with the Glendale Police Department. Defendants Schneider, Lindsey, and Fernandez are sued both in their official and individual capacities for purposes of Plaintiffs' claims under 42 U.S.C. § 1983.

12. Minor Plaintiffs J.W. and B.W. timely served a Notice of Claim on Defendants pursuant to A.R.S. § 12-821.01.

**GENERAL ALLEGATIONS**

13.     On July 26, 2017, at about 7:32 p.m., Plaintiffs went to a Motel 6 located at 7116 North 59th Avenue, Glendale, Arizona 85301, to reserve a room so they could enjoy some family time together.

14.     At the same time and place, Plaintiff Johnny Wheatcroft was a front seat passenger in a Ford Taurus, and Plaintiff Anya Chapman and minors J.W. and B.W. were in the back seat of the vehicle.  A family friend was driving the vehicle.

15.     After the vehicle in which Plaintiffs were riding parked at the Motel 6, and before they exited the vehicle, Plaintiffs were approached by Glendale Police Department officers, Defendants Schneider and Lindsey.

16.     Plaintiff Johnny Wheatcroft did not commit a crime and there was no probable cause to suspect him of any illegal activity.

17.     Upon arriving at the front passenger window of the vehicle, Defendant Schneider immediately asked everyone in the vehicle for their identification.

18.     Plaintiff Johnny Wheatcroft asked Defendant Schneider why they needed to give the officer their identification if they had done nothing wrong.  Plaintiff Johnny Wheatcroft's question was constitutionally protected speech under the First Amendment.

19.     Defendant Schneider falsely told Plaintiff Johnny Wheatcroft that if you are a passenger in a vehicle you need to have your identification and he was entitled to their identification because he made a traffic stop on the vehicle, even though no traffic stop was made.

20.     Defendant Schneider then threatened to take Plaintiff Johnny Wheatcroft down to the police station even though Plaintiff Johnny Wheatcroft had not committed any crime and there was no probable cause to suspect him of any illegal activity.

21.     Defendant Schneider never asked Plaintiff Johnny Wheatcroft to exit the vehicle. Rather, Defendant Schneider reached inside the vehicle and opened the passenger door of the

vehicle and placed a taser between Plaintiff Johnny Wheatcroft's neck and right shoulder and asked if he was going to fight. Plaintiff Johnny Wheatcroft confirmed he was not going to fight.

22. Defendant Schneider holstered his taser, then grabbed and twisted Plaintiff Johnny Wheatcroft's arm behind his back while pushing his shoulder forward which caused Plaintiff Johnny Wheatcroft to experience significant pain.

23. While Plaintiff Johnny Wheatcroft was still restrained by the seat belt in the vehicle, Defendant Lindsey then assisted Defendant Schneider in beginning to physically remove Plaintiff Johnny Wheatcroft from the vehicle. Defendant Lindsey placed his taser on Plaintiff Johnny Wheatcroft's shoulder while Defendant Schneider attempted to shove Plaintiff Johnny Wheatcroft's head down under the torso section of the seatbelt while his arm still twisted behind his back, causing Plaintiff Johnny Wheatcroft additional pain.

24. Defendant Lindsey then tased Plaintiff Johnny Wheatcroft several times in the back as the officers continued to attempt to pull him out of the vehicle, even though Plaintiff Johnny Wheatcroft was still tangled and restrained in his seatbelt and his arm was contorted behind his back by Defendant Schneider.

25. Plaintiff Anya Chapman and minors J.W. and B.W. were screaming and watching in horror as these events transpired and repeatedly asked the officers to stop.

26. While Plaintiff Johnny Wheatcroft was tangled in the seatbelt, sitting on the asphalt, and leaning with his back on the open door of the vehicle, Defendant Schneider backed up approximately 5 or 6 feet away from Plaintiff Johnny Wheatcroft, then activated his taser in dart-mode at Plaintiff Johnny Wheatcroft's chest.

27. Defendant Fernandez, who had also arrived onto the scene, similarly applied his taser to Plaintiff Johnny Wheatcroft.

28. Defendant Fernandez rolled Plaintiff Johnny Wheatcroft over so that his face was in the front passenger's seat with his knees on the asphalt, and then handcuffed him.

29.    Defendant Schneider continued to sporadically tase Plaintiff Johnny Wheatcroft multiple times while Defendant Fernandez placed the handcuffs on Plaintiff. Even after the handcuffs were locked, Defendant Schneider continued to tase Plaintiff Johnny Wheatcroft several times.

30.    Defendant Fernandez attempted to drag Plaintiff Johnny Wheatcroft toward the rear of the vehicle, but because he was tangled in the seatbelt, Defendant Fernandez forced Plaintiff Johnny Wheatcroft on the asphalt while Plaintiff and the other passengers in the vehicle repeatedly stated that he was caught in the seatbelt. Minor J.W. then climbed over into the front passenger seat of the vehicle to release his father from the seatbelt. Defendant Schneider then commanded minor J.W. to get out of the vehicle and J.W., frozen in fear, hysterically broke down into tears and collapsed into the passenger seat.

31.    After Plaintiff Johnny Wheatcroft was finally released from the seatbelt, but still handcuffed, Defendant Fernandez slammed Plaintiff Wheatcroft face down onto the asphalt while Defendant Schneider continued to tase him, while also kicking him in the groin. Given the temperature of the asphalt, the officers' contorting his body, and the tasing, Plaintiff Johnny Wheatcroft was writhing in pain while his family watched and screamed for the officers to stop.

32.    Plaintiff Johnny Wheatcroft was prone and handcuffed on the ground, when Defendant Schneider pulled down Plaintiff's shorts and tased his testicles and perineum, which was significantly and excruciatingly painful.

33.    Plaintiff minor J.W. was within a few feet of Officer Schneider when Officer Schneider stomped on and kicked Plaintiff Johnny Wheatcroft in the testicles while he was handcuffed and laying on the ground.

34.    Plaintiff minor J.W. and B.W. were in the zone of danger when the officers engaged in the unlawful attacks and wrongful conduct against their parents.

35.     Defendant Glendale's officers then rolled Plaintiff Johnny Wheatcroft onto his side and began to remove the taser prongs that were embedded into his skin.

36.     As the officers began to forcibly remove the prongs, Plaintiff Johnny Wheatcroft screamed in agony and Defendant Schneider placed his taser on Plaintiff Johnny Wheatcroft's penis and screamed, "Keep fighting and you're going to get it again! You want it again? Shut your mouth! I'm done fucking around with you!"   At this same time, one of the officers placed a handgun to Plaintiff Johnny Wheatcroft's head.

37.     None of the other assisting officers made any attempt or took any steps to intervene and protect Plaintiff Johnny Wheatcroft against Defendants Schneider, Lindsey, and Fernandez's excessive force, despite their duty to do so.

38.     Defendant Glendale's officers then lifted Plaintiff Johnny Wheatcroft to his feet and continued to pull out the taser prongs, as he continued to scream in agony.  Defendant Schneider then told him "relax, stop being a big baby."

39.     Defendant Glendale's officers then placed Plaintiff Johnny Wheatcroft into the back of a patrol vehicle and transported him to the Glendale City Jail.

40.     The horrifying events transpired in front of Plaintiff Johnny Wheatcroft's wife and children, who were terrified, screaming, and traumatized by the officers' atrocious conduct.

41.     Defendants wrongfully arrested and charged Plaintiff Johnny Wheatcroft with resisting arrest and aggravated assault and, as a result, he spent months in jail before the charges were dismissed.  All charges against Plaintiff Johnny Wheatcroft were dismissed given the lack of any basis to support the claims.

42.     As a result of the repeated assault by Defendants Schneider, Lindsey, and Fernandez, Plaintiff Johnny Wheatcroft sustained various injuries, but was not provided any medical care or treatment, and Defendants also failed to take photographs of the injuries despite department policies to do so.

43.     Defendant Glendale's officers and agents, including Defendant Schneider, Lindsey, and Fernandez, failed to employ proper protocols and training, and they failed use proper methods to execute an arrest.  Further, there was no probable cause to arrest Plaintiff Johnny Wheatcroft.

44.     Defendants Schneider, Lindsey, and Fernandez maliciously and intentionally employed their tasers in a display of power and against Plaintiff Johnny Wheatcroft in violation of basic policies and procedures employed by reasonable officers.

45.     Defendants Schneider, Lindsey, and Fernandez used unlawful, unnecessary, unreasonable, and excessive force, which resulted in life-altering injuries to Plaintiff Johnny Wheatcroft and his family.  The assault and battery of Plaintiff Johnny Wheatcroft was unlawful, unprovoked, unwarranted, unjustified, callous, depraved, vicious, and evil.  There was no reason for Defendants Schneider, Lindsey, and Fernandez to torture this vulnerable man.

46.     The acts and omissions of Defendants Schneider, Lindsey, and Fernandez alleged herein were taken on behalf of, for the benefit of, and as agents of Defendant Glendale.  Also, such acts and omissions occurred in the course and scope of the officers' employment with Defendant Glendale.  Upon information and belief, the acts and omissions were either authorized by, were directed or caused by, or were consistent with or performed pursuant to policies, practices, and customs of Defendant Glendale.  Therefore, Defendant Glendale is liable for all such acts and omissions, as well as Plaintiffs' injuries and damages that result from such acts and omissions.

47.     Defendants then maliciously charged Plaintiff Johnny Wheatcroft with aggravated assault, a class 5 felony, and resisting arrest, a class 6 felony, and he remained in jail for several months before the charges were dismissed.

48.     Defendants' wrongful conduct deprived Plaintiffs rights secured to them by the Constitution and the laws of the United States, including, among other things:

a.      The right to be free from unreasonable search or unreasonable seizure;

b.    The right to be free from the use of unreasonable, unjustified, and excessive force;

c.    The right to be free from deprivation of life, liberty, or property without due process of law; and

d.    The right to be free from summary punishment;

e.    The right to familial association.

49.    Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiffs, and their damages are significant. Plaintiff Johnny Wheatcroft was physically and mentally tortured, which has resulted in lifelong and permanent injuries and scars. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs, individually and on behalf of the minor children, have sustained injuries and damages in an amount to be proven at trial.

50.    Defendants' acts and omissions were evil, malicious, and undertaken with the intent to harm Plaintiffs or with a reckless disregard of the substantial risk of serious harm, and Defendants acted with an evil mind. Therefore, Plaintiffs are entitled to punitive or exemplary damages.

51.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs, including expert fees.

### COUNT I

### 42 U.S.C. § 1983 - Excessive Force in Violation of the

### Fourth, and Fourteenth Amendments

### (Against Defendants Schneider, Lindsey, and Fernandez)

52.    Plaintiffs re-allege and incorporate by reference their claims, facts, and allegations contained in the paragraphs above, as if set forth fully herein.

53.    Plaintiff Johnny Wheatcroft did not engage in any illegal activity and there was no probable cause to suspect him of any crime.

54.    Plaintiff Johnny Wheatcroft did not pose a threat to the officers, did not resist the officers, or attempt to flee from the unlawful arrest.

55.     The degree of force employed by Defendants Schneider, Lindsey, and Fernandez against Plaintiff Johnny Wheatcroft was not warranted.

56.     Defendants Schneider, Lindsey, and Fernandez used excessive and extremely painful force against Plaintiff Johnny Wheatcroft, even though he was not a threat, resisting, or trying to escape.

57.     Defendants Schneider, Lindsey, and Fernandez utilized a significant level of force against a civilian who was not resisting, which constitutes a violation of his Fourth Amendment rights.

58.     Defendants' conduct violated clearly established constitutional rights, which any reasonable person would have known such conduct would do so.  Therefore, Defendants Schneider, Lindsey, and Fernandez are not entitled to qualified immunity.

59.     Defendants Schneider, Lindsey, and Fernandez's conduct and unconstitutional actions were the moving force of Plaintiffs' injuries and damages.

60.     The excessive force that was used on Plaintiff Johnny Wheatcroft by Defendants Schneider, Lindsey, and Fernandez was illegal, unprovoked, without justification, and lacked probable cause, and it further resulted in severe injuries and damages caused by negligence, gross negligence, reckless disregard and/or assault as set forth above, for which Defendants Schneider, Lindsey, and Fernandez are jointly and severally liable.

61.     Defendants Schneider, Lindsey, and Fernandez's unlawful treatment of Plaintiff Johnny Wheatcroft, including repeated tasering of a restrained person and the tasering of his testicles and perineum, violated the duties of care Defendants owed to the Plaintiffs and amounts to pure torture.

62.     As a direct and proximate result of wrongful acts and omissions of Defendants Schneider, Lindsey, and Fernandez, Plaintiffs have suffered devastating injuries and emotional trauma.

63. As an additional direct and proximate result of wrongful acts and omissions of Defendants Schneider, Lindsey, and Fernandez, Plaintiff Anya Chapman and minors J.W. and B.W. have sustained severe psychological damage as a result of this incident, which have manifested into physical symptoms.

64. As a direct and proximate result of wrongful acts and omissions of Defendants Schneider, Lindsey, and Fernandez, Plaintiffs are entitled to recover injuries and damages in an amount to be determined at trial.

65. Defendants' unlawful and malicious acts deprived Plaintiff Johnny Wheatcroft of his right to be free from excessive force in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

66. Defendants acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff Johnny Wheatcroft. Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff Johnny Wheatcroft. Thus, deterrence and punishment are appropriate. Therefore, Plaintiffs are entitled to an award for punitive damages.

## COUNT II

### 42 U.S.C. § 1983 - Retaliation in Violation of the First Amendment
### (Against Defendant Schneider Only)

67. Plaintiffs re-allege and incorporate by reference all claims, facts and allegations set forth in the paragraphs above, as if set forth fully herein.

68. At all times material hereto, Defendant Schneider was acting under the color of law and within the course and scope of his employment with Defendant City of Glendale.

- 10 -

69.     Plaintiff Johnny Wheatcroft, at all times relevant, had the clearly established right to be free from retaliation for his exercise of free speech.

70.     A minimally competent police officer or agent of Defendant Glendale knew or should have known about this clearly established right at the time of the conduct complained of herein.

71.     When Plaintiff Johnny Wheatcroft asked Defendant Schneider what the basis for requesting his identification was and stated that he had done nothing wrong, he was exercising his constitutionally protected rights and such speech did not warrant a search of his property or unlawful police conduct.

72.     Plaintiff Johnny Wheatcroft's exercise of his constitutional right was a significant moving factor to the excessive force employed by Defendant Schneider against Plaintiff Johnny Wheatcroft.

73.     In response to Plaintiff Johnny Wheatcroft's lawful speech, including speech as to the basis for requesting identification and stating that he had done nothing wrong, Defendant Schneider retaliated and used excessive and unlawful force against Plaintiff Johnny Wheatcroft, which caused, contributed to cause, and/or was the moving force of his injuries.

74.     Defendant Schneider had retaliatory animus toward Plaintiff Johnny Wheatcroft's lawful speech, and he urged prosecution of Plaintiff Johnny Wheatcroft despite the absence of probable cause.

75.     Defendant Schneider's retaliatory conduct in attacking, assaulting, and torturing a person, who simply asked for the basis for requesting identification and stating that he/she had done nothing wrong, would chill any reasonable person of ordinary firmness in their exercise of their First Amendment rights.

76.     Defendant Schneider's retaliation deprived Plaintiff Johnny Wheatcroft of his clearly established First Amendment right to be free from retaliation for exercising such right. Therefore, Defendant Schneider is not entitled to qualified immunity.

77.     Based on the circumstances, Defendant Schneider's actions were not objectively reasonable and were intentional and/or grossly negligent.

78.     Defendant Schneider's wrongful acts and omissions amount to violations of Plaintiff Johnny Wheatcroft's constitutional rights.

79.     As a direct and proximate result of the Defendant Schneider's unlawful and malicious acts, Plaintiff Johnny Wheatcroft was deprived of his right to be free from retaliation against protected speech, in violation of the First Amendment of the Constitution of the United States.

80.     As a direct and proximate result of Defendants' acts and omissions, Plaintiff Johnny Wheatcroft has suffered devastating injuries and emotional trauma, and Plaintiff is entitled to recover injuries and damages in an amount to be determined at trial.

81.     Defendant Schneider's conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or he acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that his conduct might significantly injure the rights of Plaintiffs.  Defendant Schneider consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiffs.  Thus, deterrence and punishment are appropriate.  Therefore, Plaintiffs are entitled to an award for punitive damages.

### COUNT III
### 42 U.S.C. § 1983 – Wrongful Arrest in Violation of the
### Fourth and Fourteenth Amendments
### (Against Defendants Schneider, Lindsey, and Fernandez)

82. Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

83. At all times material hereto, Defendants Schneider, Lindsey, and Fernandez were acting under the color of law and within the course and scope of their employment.

84. Plaintiff Johnny Wheatcroft, at all relevant times, had the clearly established right to be free from wrongful arrest under the Fourth and Fourteenth Amendments.

85. Plaintiff Johnny Wheatcroft did not commit a crime and no probable cause existed to suspect him of any illegal activity.

86. Defendants Schneider, Lindsey, and Fernandez wrongfully and illegally detained, handcuffed, and arrested Plaintiff Johnny Wheatcroft despite the lack of probable cause to do so.

87. Defendants Schneider, Lindsey, and Fernandez deprived Plaintiff Johnny Wheatcroft of his Fourth Amendment rights to be secure in his person by arresting him.

88. The arrest of Plaintiff Johnny Wheatcroft was wrongful, unlawful, lacked probable cause, and deprived him of his clearly established constitutional rights to be free from unreasonable searches, seizures, and arrests. Therefore, Defendants Schneider, Lindsey, and Fernandez are not entitled to qualified immunity.

89. Defendants Schneider, Lindsey, and Fernandez's conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff Johnny Wheatcroft.

90. As a direct and proximate result of Defendants Schneider, Lindsey, and Fernandez's wrongful acts and omissions, Plaintiff Johnny Wheatcroft has been damaged in an amount to be proven at trial.

91.     Defendants acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff Johnny Wheatcroft. Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff Johnny Wheatcroft. Thus, deterrence and punishment are appropriate. Therefore, Plaintiffs are entitled to an award for punitive damages.

**COUNT IV**

**42 U.S.C. § 1983 – Malicious Prosecution in Violation of**

**the Fourth and Fourteenth Amendments**

**(Against Defendants Schneider, Lindsey, and Fernandez)**

92.     Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

93.     At all times material hereto, Defendants Schneider, Lindsey, and Fernandez were acting under the color of law and within the course and scope of their employment.

94.     Plaintiff Johnny Wheatcroft, at all relevant times, had the clearly established right to be free from malicious prosecution and the right to familial association under the Fourth and Fourteenth Amendments.

95.     A minimally competent officer or agent of Defendant Glendale knew or should have known of these clearly established rights at the time of the conduct complained of herein. Therefore, Defendants Schneider, Lindsey, and Fernandez are not entitled to qualified immunity.

96.     Defendants Schneider, Lindsey, and Fernandez violated Plaintiff Johnny Wheatcroft's Fourth and Fourteenth Amendment rights to be free from malicious prosecution when they instituted charges and proceedings against Plaintiff Johnny Wheatcroft for aggravated

assault, a class 5 felony, and resisting arrest, a class 6 felony, which resulted in Plaintiff Johnny Wheatcroft's unlawful prosecution and imprisonment.

97. Plaintiff Johnny Wheatcroft was in custody for months as a result of these charges before they were dismissed.

98. As a result of Plaintiff Johnny Wheatcroft's wrongful and malicious prosecution, he was prevented from being an active and integral part of his children's lives and/or the imprisonment created an undue burden on his familial rights. The right of familial association may only be limited by a government agency when their interest in the matter outweighs the individual's fundamental right.

99. As an additional result of the wrongful and malicious prosecution, Plaintiff Johnny Wheatcroft lost employment opportunities and the ability to generate income. Indeed, Plaintiff had an interview the day after he was wrongfully arrested, but he was unable to attend due to the wrongful arrest.

100. Defendants Schneider, Lindsey, and Fernandez instituted baseless and fabricated charges and proceedings against Plaintiff Johnny Wheatcroft despite the lack of probable cause and in violation of Plaintiff's constitutional rights.

101. Defendants Schneider, Lindsey, and Fernandez instituted charges and proceedings against Plaintiff Johnny Wheatcroft primarily for a purpose other than bringing an offender to justice.

102. The criminal proceedings terminated in Plaintiff Johnny Wheatcroft's favor, without compromise on his part.

103. The prosecution of Plaintiff Johnny Wheatcroft was unlawful, wrongful, baseless, and deprived him of his clearly established right to be free from false and malicious prosecution.

104.     As a direct and proximate result of the aforementioned unlawful and malicious acts of Defendants Schneider, Lindsey, and Fernandez, Plaintiff Johnny Wheatcroft was deprived of his right to be free from malicious prosecution, in violation of Plaintiff's constitutional rights.

105.     As a direct and proximate result of Defendants Schneider, Lindsey, and Fernandez's acts and omissions, Plaintiffs have been damaged in an amount to be proven at trial.

106.     Defendants acted with intent to cause injury and their wrongful conduct was motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of Plaintiff Johnny Wheatcroft.  Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff Johnny Wheatcroft.  Thus, deterrence and punishment are appropriate.  Therefore, Plaintiffs are entitled to an award for punitive damages.

**COUNT V**

**Civil Rights Violations - 42 U.S.C. § 1983**

**(Against Defendants Schneider, Lindsey, and Fernandez)**

107.     Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

108.     As parents, Plaintiffs have a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of the parent/child relationship without governmental interference, and interference with that liberty interest without due process of law is remediable under 42 U.S.C. § 1983.

109.     The First Amendment protects relationships, including family relationships, that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.

- 16 -

110.    Defendants Schneider, Lindsey, and Fernandez had ample time to correct their obviously wrongful assault, detention, and arrest of Plaintiff Johnny Wheatcroft in front of Plaintiff Anya Chapman and minors J.W. and B.W., but nonetheless failed to do so.

111.    Defendants Schneider, Lindsey, and Fernandez acted with deliberate indifference in violation of the due process right to familial association.

112.    Defendants Schneider, Lindsey, and Fernandez's wrongful acts and omissions, including the excessive use of force and torture against Plaintiff Johnny Wheatcroft, shock the conscience of legitimate law enforcement objections.

113.    Defendants' wrongful acts and omissions constitute violations of the First, Fourth, and Fourteenth Amendments of the United States Constitution, and Plaintiffs have been deprived of their constitutional rights, including the familial companionship between parents and children.

114.    Defendants' wrongful acts and omissions amount to pure torture, which was witnessed by Plaintiff Anya Chapman (Johnny's wife), and their children, who were terrified, screaming, and traumatized as a result of the officers' atrocious conduct.

115.    Plaintiffs Anya Chapman and minors J.W. and B.W. watched helplessly while their husband and father was repeatedly tortured and arrested, and were without their enjoyment of their familial companionship due to Defendants' incarceration of Plaintiff Johnny Wheatcroft.

116.    Through their acts and omissions, Defendants wrongfully and intentionally interfered with Plaintiffs' companionship and society of their parent/child relationship without due process of law.

117.    Defendants' wrongful acts and omissions have had, and will continue to have, an extremely detrimental impact on the Plaintiffs, and their damages are significant.  As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiffs, including their minor children, have sustained injuries and damages in an amount to be proven at trial.

118. Defendants' conduct was engaged in with intent to cause injury, was wrongful conduct motivated by spite or ill will or the involved officers acted to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct might significantly injure the rights of others, including Plaintiffs. Defendants consciously pursued a course of conduct knowing that it created a substantial risk of significant harm or death to others, including Plaintiffs. Therefore, Plaintiffs request an award for punitive damages.

**COUNT VI**

**42 U.S.C. § 1983 – Municipal Liability**

**(Against Defendant City of Glendale)**

119. Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

120. A municipality, such as Defendant Glendale, may be held liable under § 1983 when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.

121. In addition, under the doctrine of ratification, a municipality, such as Defendant Glendale, may also be liable for the acts of an employee who is not a final decisionmaker, so long as an actual final decisionmaker demonstrates that authority to make the decision lay with the subordinate by approving the subordinate's decision and the basis for it.

122. Further, a municipality, such as Defendant Glendale, may be liable under § 1983 for failing to train employees when the failure both can be traced to the injury suffered by a plaintiff and amounts to deliberate indifference to the rights of persons with whom the police come into contact.

123. At all times relevant, Defendant Glendale's officers, including Defendant Schneider, Lindsey, and Fernandez, were acting under the direction and control of the City of Glendale, which acted by and through its agents and employees who were responsible for making

the policies of the Glendale Police Department, its officers, and operations. The individual Defendants of the Glendale Police Department were acting pursuant to official policy or the practice, custom, or usage of the Police Department, a final decision by a policy maker, or as a result of deliberate indifference toward training or supervision.

124. Plaintiffs were deprived of their constitutional rights by Defendant Glendale and its employees, including Defendants Schneider, Lindsey, and Fernandez, who acting under color of law at all times relevant herein.

125. Defendant Glendale has customs or policies which amount to a deliberate indifference to Plaintiffs' constitutional rights.

126. Defendant Glendale's policies are the moving force behind the constitutional violations.

127. In addition, under a ratification theory, Defendant Glendale delegated authority to Defendants Schneider, Lindsey, and Fernandez to engage in unlawful arrests and the use of illegal and excessive force, and Defendant Glendale's final policymakers' endorsement of the decisions and actions of Defendants Schneider, Lindsey, and Fernandez to engage in unlawful arrests and the use of excessive force confirms clear that the policy was in effect at the time of the incident and was the moving force for Defendants' unconstitutional acts.

128. At all times relevant, the City of Glendale had policies, customs, and/or patterns and practices of failing to properly discipline, train, and supervise its police officers, including the individual Defendants named in this Complaint, in the proper use force, probable cause, and the execution of arrests. The City of Glendale failed to ensure its police officers could and would conduct themselves in a manner to avoid violating the constitutional rights of the inhabitants of Defendant Glendale.

129.     The final policymakers of the City of Glendale had actual or constructive knowledge of these unconstitutional practices, yet failed to take any reasonable or adequate steps to remedy them.

130.     Defendant Glendale is also liable under § 1983 for failing to train employees and such failure can be traced to the injuries suffered by Plaintiffs and amounts to deliberate indifference to the rights of Plaintiffs, with whom Defendant Glendale's officers come into contact.

131.     Defendant Glendale was aware of the inadequate training and aware of a high probability of harm if the government failed to act and properly train its employees

132.     Acting under the color of law, by and through the policy makers of Defendant Glendale and pursuant to official policy, customs, and/or patterns and practices, Defendant Glendale intentionally, knowingly, recklessly, and/or with deliberate indifference to the rights of the inhabitants of Defendant Glendale failed to instruct, supervise, control, and/or monitor its police officers.

133.     These policies, customs, and/or patterns and practices led the individual Defendants to believe that misconduct and abuse of constitutional rights would be tolerated and not be subject to any meaningful reprimand or punishment.

134.     This pattern made it foreseeable that officers with the Glendale Police Department, including the individual Defendants, could and would violate a given person's constitutional rights, in precisely the manner Plaintiffs' rights were violated, and Defendant Glendale, through its final policy makers, was deliberately indifferent to this risk.  Had Defendant Glendale diligently exercised its duties to instruct, supervise, control, and discipline, on a continuing basis, it could have prevented or could have aided in preventing the commission of said wrongs and intentionally, knowingly, and with deliberate indifference to the inhabitants of Defendant Glendale refused to do so.

135. As a result of Defendant Glendale's failure to supervise, discipline, and train the officers with the Glendale Police Department, as well as its ratification of the wrongful acts, Plaintiffs suffered, and continue to suffer, physical, emotional, and pecuniary damages in an amount to be proven at trial.

## COUNT VII

### Grossly Negligent and/or Intentional Infliction of Emotional Distress
### (minors J.W. and B.W. Against Defendant City of Glendale)

136. Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

137. Defendants engaged in grossly negligent and/or the intentional infliction of emotional distress, as their conduct was extreme and outrageous, they either intended to cause emotional distress, and/or they recklessly disregarded the near certainty that such distress will result, and severe emotional distress actually occurred as a result of the defendant's conduct.

138. Plaintiff minors J.W. and B.W. had a close personal relationship with their father, Plaintiff Johnny Wheatcroft.

139. Defendants' grossly negligent, reckless, and/or intentional conduct created an unreasonable risk of harm to Plaintiff minors J.W. and B.W.

140. Plaintiff minors J.W. and B.W. were in immediate and close proximity to Defendants' grossly negligent, reckless, and/or intentional conduct, such that they were in the zone of danger and feared for their own safety.

141. Defendants' unlawful, grossly negligent, and intentional conduct discussed herein has had, and will continue to have, an extremely detrimental impact on Plaintiff minors J.W. and B.W. Plaintiff minors J.W. and B.W. were forced to watch their father writhe in pain and suffer tremendously while Defendants abused and tortured their father, and they were forced to witness their parents being arrested and taken away by Defendants.

142.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff minors J.W. and B.W. have suffered emotional distress, including suffering, anxiety, and stress, that has manifested into physical symptoms.  In addition, they have endured a loss of consortium and have been deprived of their parent love, affection, guidance, and financial support.

143.    Defendants Schneider, Lindsey, and Fernandez were, at all times material hereto, acting within the course and scope of their employment, and Defendant Glendale is vicariously liable for the actions of Defendants Schneider, Lindsey, and Fernandez.

144.    Defendants Schneider, Lindsey, and Fernandez engaged in conduct intended to cause injury, motivated by spite or ill will, or acting to serve their own interests, having reason to know and consciously disregarding a substantial risk that their conduct would result in significant harm to others, including Plaintiffs herein.

145.    As a direct and proximate result of Defendants' grossly negligent acts and omissions, Plaintiff minors J.W. and B.W. have suffered, and continue to suffer, injuries and damages in an amount to be proven at trial.

## COUNT VIII

### Loss of Consortium

### (Minor Plaintiffs J.W. and B.W. against All Defendants)

146.    Plaintiffs re-allege and incorporate, by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

147.    Plaintiff minors J.W. and B.W. had a close personal relationship with their father, Plaintiff Johnny Wheatcroft.

148.    Plaintiff minors J.W. and B.W. were forced to watch their father writhe in pain and suffer tremendously while Defendants abused and tortured their father, and they were forced to witness their parents being arrested and taken away by Defendants.

149.     Defendants' unlawful, grossly negligent, intentional, and wrongful conduct discussed herein has had, and will continue to have, an extremely detrimental impact on Plaintiff minors J.W. and B.W.

150.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff minors J.W. and B.W. have suffered emotional distress, including suffering, anxiety, and stress, that has manifested into physical symptoms.  In addition, they have endured a loss of consortium and have been deprived of their father's love, affection, guidance, and financial support.

151.     Defendants Schneider, Lindsey, and Fernandez were, at all times material hereto, acting within the course and scope of their employment, and Defendant Glendale is vicariously liable for the actions of Defendants Schneider, Lindsey, and Fernandez.

152.     As a direct and proximate result of Defendants' grossly negligent acts and omissions, Plaintiff minors J.W. and B.W. have suffered, and continue to suffer, injuries and damages in an amount to be proven at trial.

153.     As a direct and proximate result of Defendants' grossly negligent acts and omissions, Plaintiff minors J.W. and B.W. have suffered, and continue to suffer, injuries and damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for damages and for judgment against Defendants as follows:

A.     General and compensatory damages in an amount to be proved at trial;

B.     For taxable costs and pre and post judgment interest to the extent permitted by law;

C.     Punitive damages in an amount deemed just and reasonable as permitted by law against Defendants Schneider, Lindsey, and Fernandez;

D.     For costs and attorneys' fees against under the Constitution and laws of the United States, including 42 U.S.C. § 1988;

E.      Such other and further relief which may seem just and reasonable under the circumstances.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury on all issues in this matter triable to a jury.

RESPECTFULLY SUBMITTED this ___22nd__ day of March, 2019.

ATTORNEYS FOR FREEDOM


By: _/s/ Jody L. Broaddus_____
Jody L. Broaddus, Esq.
Marc J. Victor, Esq.
*Attorneys for Plaintiffs*


## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants, and a copy was also sent by first class mail to:

Joseph J. Popolizio
Justin M. Ackerman
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004


By: _/s/ Jody L. Broaddus_____