**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Johnny Wheatcroft and Anya Chapman, as husband and wife, and on behalf of minors J.W. and B.W., <br><br> Plaintiffs, <br><br> v. <br><br> City of Glendale, a municipal entity; Matt Schneider, in his official and individual capacities; Mark Lindsey, in his official and individual capacities; and Michael Fernandez, in his official and individual capacities, <br><br> Defendants. | NO. 2:18-cv-02347-SMB <br><br> **PROTECTIVE ORDER** |

The Parties agree and the Court so ORDERS:

1. The City of Glendale, Matt Schneider, Mark Lindsey, and Michael Fernandez (collectively "Defendants") will produce certain information and documents through discovery in this case that contain the identification of a police officer who is the complainant in an internal workplace harassment complaint within the Glendale Police Department ("Officer"). The Officer requested that her identity be kept confidential and not available for dissemination to the general public, including the media. The parties are in agreement that her identity should be so kept confidential. The documents that contain the Officer's identity include the following: disciplinary memos, audio recorded interviews and transcripts of interviews, complaint reports, complaints, allegations summaries, Notices of Investigation, and an event timeline related to Complaint No.

7610351.1

2017-055 ("Confidential Items"). Accordingly, the Parties have entered into a Joint Motion for Protective Order ("Stipulation") for the purpose of protecting the identity of the Officer from disclosure.

2. The Parties shall designate the items containing the Officer's information as confidential by typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on such Confidential Items. Typing, stamping, or otherwise affixing the word "CONFIDENTIAL" on the first page of a multi-page document, or the first page of a collection of documents that are bound or attached together in any manner, shall have the effect of designating the entirety of same as confidential.

3. The portions of the Confidential Items that the Defendants agreed to produce shall be produced without redaction, subject to any statutory or other legal requirements limiting or prohibiting disclosure (e.g., police officer addresses, home phone numbers, social security numbers). Production of the Confidential Items shall not be construed as an admission that they are relevant or admissible for purposes of trial or ruling on any dispositive motions.

4. Except with prior written consent from the Defendants or the Court, Confidential Items, or any information contained in Confidential Items, may not be disclosed to any person other than the following:

  a. The United State District Court - District of Arizona, and any court having jurisdiction of any appeal therefrom, as well as the Court's staff and such employees of the Clerk of the Court as directed by the Clerk or the presiding judge, provided, however, that such Confidential Items be filed under seal. This paragraph shall not be interpreted to allow for the public filing of any items containing confidential information;

  b. The Parties, the Parties' counsel of record, and said counsel's partners, associates, paralegals, secretaries, and other office staff who have direct functional responsibility in representing the parties in this matter;

  c. Any mediator or a settlement conference Judge or Magistrate

assigned or retained to mediate this litigation;

      d.    Consultants and experts retained for the purpose of assisting the Parties in preparation and/or trial of this matter; and

      e.    Deposition and/or trial witnesses in this matter during the course of their deposition and/or trial testimony.

5.    Any person (other than the Court or its employees) to whom these items are to be disclosed shall first be advised by counsel making the disclosure that these documents are subject to this Protective Order, and any such person shall be given a copy of this Protective Order and instructed that they are bound by it.  In the event that such person does not agree to be bound by the terms of this Protective Order, such person shall not be given the Confidential Items.

6.    Any Parties' counsel may designate as confidential any portion of the transcript of any deposition at which a Confidential Item was marked as an exhibit or discussed. Such designation shall be given orally upon the record during the course of the deposition and must be memorialized in a writing served upon all other counsel.  When such a designation is made, the entire deposition shall be treated as confidential, pending transcription of the deposition and signing by the deponent. Thereafter, counsel designating a portion or portions of the transcript of the deposition as Confidential shall designate on the transcribed deposition the portion or portions, which involve the Confidential Items and which shall be treated as confidential. Designating counsel shall communicate, in writing, the designations to all other counsel. Any party shall retain the right to challenge the designation of any part of a deposition transcript as Confidential.

7.    Any exhibit or other paper filed with the Court that is comprised, in whole or in part, of Confidential Items, or other paper that consists of or makes reference to any information derived from Confidential Items, shall be filed in sealed envelopes, on which shall be endorsed the caption of this action and a statement substantially in the following form:

    **CONFIDENTIAL:  This envelope contains information that is subject**

**to a stipulated protective order governing the use of confidential material.**

8.  At the conclusion of this action, including any and all appeals, all Confidential Items, and all copies thereof (hard copy or electronic), shall be either: 1) returned to counsel for the Defendants; or 2) destroyed.  Counsel for the Plaintiffs shall provide to the Defendants an affidavit stating that such Confidential Items have been returned or destroyed.

9.  Any confidential designation made in any manner provided herein shall constitute a representation by counsel to the Court that the designation is made in good faith and in the belief that the material so designated constitutes confidential material.

10.  In the event that any Party or counsel for any Party receives a request to disclose or produce all or any part of the Confidential Items pursuant to a subpoena or Order issued by a Court or governmental body, counsel for that Party agrees to immediately notify all Parties of the request or Order.