**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft, et al., | No. CV-18-02347-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Before the Court is a discovery dispute regarding the scope of the attorney-client privilege in the deposition of Shawn Blackburn, a non-party to the case.

Whether information is covered by the attorney-client privilege is determined by an eight-part test: "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (citation omitted). A "party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citation omitted). The attorney-client privilege does not extend to "the fact of the communication, the identity of the attorney, the subject discussed, and details of the meetings, which are not protected by the privilege." *United States v. Sanmina Corp.*, No. 18-17036, 2020 WL 4558285, at *11 (9th Cir. Aug. 7, 2020).

1   It also does not require formal representation by the attorney. *S. Union Co. v. Sw. Gas Corp.*, 205 F.R.D. 542, 546 (D. Ariz. 2002). A potential client "can communicate with an attorney with the assurance that the communications will be protected so long as the consultation satisfies the necessary elements of the privilege." *Id*. Accordingly,

**IT IS ORDERED** that Mr. Blackburn shall answer any deposition questions regarding "the fact of the communication [with counsel], the identity of the attorney, the subject discussed, and details of the meetings," or any other non-confidential facts or communications.

**IT IS FURTHER ORDERED** that, as the holder of the privilege, Mr. Blackburn may not be compelled to testify about confidential communications with Plaintiffs' counsel or another attorney if he can demonstrate that the eight-part test above is satisfied. *See United States v. Graf*, 610 F.3d at 1156.

Dated this 31st day of August, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge