**Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SBN 020122**
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
Phone: (480) 755-7110
Fax: (480) 857-0150
Marc@AttorneysForFreedom.com
Jody@AttorneysForFreedom.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft and Anya Chapman, as husband and wife, and on behalf of minors J. W. and B. W., <br><br> Plaintiffs, <br><br> v. <br><br> City of Glendale, a municipal entity; Matt Schneider, in his official and individual capacities; Mark Lindsey, in his official and individual capacities; and Michael Fernandez, in his official and individual capacities; <br><br> Defendants. | Case No.: 2:18-cv-02347-SMB <br><br> **PLAINTIFFS' MOTION REGARDING THE CONFLICT OF INTEREST AMONG DEFENDANTS** |

Plaintiff Johnny Wheatcroft, individually, and on behalf of minors J.W. and B.W. (collectively, "Plaintiffs"), respectfully requests the Court's assistance in connection with conflicts of interest among the Defendants which are represented by the same counsel. Specifically, Plaintiffs are requesting separate counsel for the individually named Defendants due to non-waivable conflicts relating to settlement and evidentiary discussions.

Prior to filing this Motion, undersigned counsel provided a copy of this Motion to defense counsel, and undersigned counsel spoke with defense counsel today prior to filing this Motion.

**RELEVANT BACKGROUND**

Defendants in this matter consist of the City of Glendale ("Glendale") and 3 individual officers, which include Defendants Matt Schneider ("Schneider"), Mark Lindsay ("Lindsay") and Michael Fernandez ("Fernandez"), who are represented by the same counsel of record. Defendant Glendale is fully represented in this matter, while the individual officers are being represented under a reservation of rights, which may expose the individual Defendants to personal liability.

The current deadline for settlement discussions is March 26, 2021. On January 20, 2021, Plaintiff's counsel advised counsel for Defendants that Plaintiffs wanted to discuss matters with Defendants Schneider, Fernandez, and Lindsay which would create non-waivable conflicts between and among the individual Defendants as well as with Defendant City of Glendale. *See* Exhibit A. These matters include settlement discussions and evidentiary issues that would conflict among the various Defendants. Given the non-waivable conflicts, Plaintiffs requested contact information for separate counsel for the individually named defendants so those matters could be discussed. *Id.* Further, Plaintiffs do not want each Defendant to know of the offers we make to the other Defendants, which would make it impossible for counsel to know details for the individual Defendants but be unable to inform the other Defendants of the offers due to ethical obligations.

On January 29, 2021, counsel for Defendants responded by demanding to know the details as to each of the matters Plaintiffs wished to discuss with each individual Defendant. *See* Exhibit B. Given the nature of the non-waivable conflicts that would exist, counsel for Defendants would be disqualified from representing any of the Defendants if he received the information which Plaintiffs wants to discuss with the individual defendants. However, to avoid disqualification as to all of the Defendants, Plaintiffs was proposing that separate counsel be provided only as to the individual Defendants.

Therefore, on February 1, 2021, Plaintiffs advised of the non-waivable conflicts as to the

subject matter of the communications and again requested separate legal counsel for the individual Defendants. *See* Exhibit C.   However, no response was received.  Thereafter, on February 24, Plaintiffs again reached out to counsel for Defendants advising of the March 26, 2021 deadline to engage in settlement discussions and requesting Defendants Schneider, Fernandez, and Lindsay have separate counsel for the settlement discussions.  *See* Exhibit D.  On March 1, 2021, counsel for Defendants responded by again requesting details of the non-waivable conflict matters and stating that he would get respond at a later time as to the prospective identification of counsel. *See* Exhibit E.

On March 4, 2021, Plaintiffs informed counsel for Defendants that the non-waivable conflicts relate to settlement matters and evidentiary issues and again requested contact information for separate counsel for the individual defendants. *See* Exhibit F. In response, on March 5, 2021, counsel for Defendant threatened to seek sanctions if Plaintiffs seek this Court's assistance to resolve the conflict issue.  *See* Exhibit G.

**ARGUMENT**

To be clear, Plaintiffs are not moving to disqualify defense counsel in this matter at this time.  Rather, Plaintiffs wish to discuss potential settlement and evidentiary issues with the individual Defendants, and the nature of those discussions necessarily create non-waivable conflict among the Defendants.  The matters which Plaintiffs which to discuss with each Defendant are directly adverse to the other Defendants.  Thus, if Plaintiffs exposed current counsel for all Defendants to those matters, a non-waivable conflict would exist between and among the Defendants, which would likely lead to a disqualification that Plaintiffs are seeking to avoid.

The Arizona Rules of Professional Conduct mandate that a lawyer representing multiple parties disclose the existence and nature of all claims and settlements to each of the parties being represented, such that each party knows the details of the claims and any settlement of the other parties.  *See* E.R.1.8(g)(When representing two or more clients, "[t]he lawyer's disclosure shall

include the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement."). In addition, "ER 1.7(a)(1) prohibits a lawyer from representing one client directly adverse to another client." *In re Alexander*, 232 Ariz. 1, 9, ¶ 31, 300 P.3d 536, 544 (2013). Further, ER 1.7(b) states:

> A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>     (1) the lawyer reasonably believes the representation will not be adversely affected; and
>     (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

*See also Matter of Shannon*, 179 Ariz. 52, 60, 876 P.2d 548, 556, modified, 181 Ariz. 307, 890 P.2d 602 (1994).

When representing multiple clients, a conflict may also exist if there is a significant risk an attorney will be materially limited in his/her ability to advise, recommend, or carry out an action for one client that may not be in the best interest of another client. The comments to E.R. 1.7 provide guidance as follows:

> [8] Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests. For example, **a lawyer asked to represent several individuals seeking to form a joint venture is likely to be materially limited in the lawyer's ability to recommend or advocate all possible positions that each might take because of the lawyer's duty of loyalty to the others**. **The conflict in effect forecloses alternatives that would otherwise be available to the client.** The mere possibility of subsequent harm does not itself require disclosure and consent. **The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.** [Emphasis added.]

Here, the matters which Plaintiffs which to discuss with each Defendant are directly adverse to the other Defendants. Thus, if Plaintiffs exposed Defendants' current counsel to those matters, a non-waivable conflict would exist between and among the Defendants, which would

likely lead to a disqualification that Plaintiffs are trying to avoid.

In addition, given the individual Defendants are represented under a reservations of rights while Defendant Glendale is fully covered, the individual Defendants have personal exposure, and they may be open to settlement and evidentiary discussions that may be directly adverse to Defendant Glendale.  As a result, current counsel for Defendant would be materially limited in his ability to recommend or advocate all possible positions that each Defendant might take due to the duty of loyalty to the others, which may foreclose alternatives that would otherwise be available to the other Defendants.

Therefore, separate counsel for Defendants is necessary to allow open discussions that may conflict with and among the various Defendants and may potentially resolve this matter as to some or all of the parties.  The non-waivable conflict may potentially resolve itself through separate counsel and would not result in any potential for disqualification.

## CONCLUSION

Given this situation, Plaintiffs respectfully seek the Court's guidance and request an Order requiring separate counsel be afforded to the individually named Defendants due to non-waivable conflicts.  To avoid potential disqualification of defense counsel and to assist the Court in this matter, Plaintiffs request the ability to provide details of the non-waivable conflict to the Court ex parte.

RESPECTFULLY SUBMITTED this 10th day of March, 2021.

ATTORNEYS FOR FREEDOM

By: */s/ Jody L. Broaddus*
Jody L. Broaddus, Esq.
Marc J. Victor, Esq.
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of March, 2021, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants to:

Joseph J. Popolizio
Ian C. Beck
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

By: /s/Heather Wilson
Heather Wilson