# EXHIBIT

# A



**MARC J. VICTOR,** Esq.
President and Certified Criminal Law Specialist
by The Arizona board of Legal Specialization
Admitted in Arizona and Hawai'i

**ANDREW C. MARCANTEL,** Esq.
Partner and Criminal Defense Attorney;
Admitted in Arizona and Hawai'i

**HOWARD F. DWORMAN,** Esq.
Criminal Defense Attorney; Admitted in Arizona

**JODY L. BROADDUS,** Esq.
Partner and Supervising Civil Attorney;
Admitted in Arizona and Hawai'i

**JILL L. UEHARA,** Esq.
Criminal Defense Attorney; Admitted in Hawai'i

**SYDNEY J. OSHINSKI,** Esq.
Criminal Defense Attorney; Admitted in Arizona

January 20, 2021

**VIA EMAIL AND FIRST-CLASS MAIL**

Joseph Popolizio, Esq.
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

     *Re:*    *Wheatcroft v. City of Glendale, et al.*

Dear Joe:

    We want to discuss matters with Defendants Matthew Schneider, Michael Fernandez, and Mark Lindsey which create non-waivable conflicts between and among those individual Defendants as well as with Defendant City of Glendale.

    Please provide me with the names and contact information for the new lawyers for each of the officers. If you are refusing to provide such information, please be advised that we will file a motion with the Court requesting your disqualification due to the non-waivable conflicts.

            Sincerely,

            ATTORNEYS FOR FREEDOM

            Jody L. Broaddus, Esq.

JLB/hw

3185 South Price Road
Chandler, Arizona 85248
Phone: 480-755-7110
Fax: 480-857-0150

*"I promise to represent my clients the way I would want to be represented myself."*

1003 Bishop Street
Suite 1260 Pauahi Tower
Honolulu, Hawai'i 96813
Phone: 808-647-2423

**AttorneysForFreedom.com**

# EXHIBIT

# B

JOSEPH J. POPOLIZIO*
TELEPHONE: (602) 263-1741
FAX: (602) 200-7876
E-MAIL: JPOPOLIZIO@JSHFIRM.COM

*ALSO ADMITTED IN CONNECTICUT
 AND WASHINGTON, D.C.

IAN C. BECK
TELEPHONE: (602) 263-7361
FAX: (602) 200-7871
E-MAIL: IBECK@JSHFIRM.COM



40 NORTH CENTRAL AVENUE
SUITE 2700
PHOENIX, ARIZONA 85004
PHONE: (602) 263-1700
FAX: (602) 651-7599
WWW.JSHFIRM.COM

January 29, 2021

Jody L. Broaddus, Esq.
Attorneys For Freedom
3185 South Price Road
Chandler, AZ 85248

> Re: *Johnny Wheatcroft, et al. v. City of Glendale, et al.*
> *United States District Court Case No. 2:18-cv-02347-MTL*

Dear Jody:

I hope this letter finds you and yours well and healthy.

Thank you for your letter dated January 20, 2021 regarding your claim that "matters with Defendants Matthew Schneider, Michael Fernandez, and Mark Lindsey which create non-waivable conflicts between and among those individual Defendants as well as with Defendant City of Glendale" exist, and your demand that I provide you with the names for the new lawyers under the threat of filing a motion to disqualify me as counsel for these Defendants.

First, we have certainly spent enough time together throughout discovery and during depositions. I am curious as to why you have not addressed this subject with me before—especially because, this past summer, you suggested to Barry Mitchell, Matthew Schneider's separate counsel, that you believed that I had a conflict which precluded me from representing my clients. Until now, you have not broached this subject with me. Moreover, even if this was a recent revelation, your letter was received via email on January 20, 2021, while I was examining your client, Johnny Wheatcroft, during his deposition at the Pima County Jail. I did not address the email or letter then, as I was in the midst of deposing Mr. Wheatcroft and had no idea that your paralegal had emailed your letter at that time. As you may recall, I had secured my cell phone in a locker at the jail. In addition, as I also recall, you made a rather hasty exit from the facility at the conclusion of Mr. Wheatcroft's deposition, and failed to inform me of the letter that awaited me or the issues it contained.

Second, my curiosity does not end with the timing of this letter. Of course, I am certainly curious as to the basis and authority of your accusations and demands. Considering the seriousness of this issue, your apparent belief that I am somehow proceeding unethically with the representation of my clients, and your threat to file a motion to seek my disqualification (if you

9098815.1

# JONES, SKELTON & HOCHULI, P.L.C.

Page 2

indeed possess the standing to do so), your letter leaves me greatly disadvantaged. Despite your serious accusation and threat, you have failed to define and describe the basis of the non-waivable conflict that you contend exists. While I would certainly discuss this claimed "non-waivable conflict" with you, you first need to identify, define, and provide the basis of it before any discussion can occur. I am not willing to discuss this "non-waivable conflict" from the current position in which you have placed me—i.e. that of a blind man, in a dark room, looking for a black cat that isn't there.

So my request is reasonable and simple: with detail and in writing, please identify, define, and describe this "non-waivable conflict". Unless and until this occurs, I cannot enter into a meaningful discussion with you (and I assume Mark Victor, from your use of the pronoun "we") or provide you with a more detailed response to your letter and the accusations you set forth within it. Without the information that I request and which you supposedly have in your possession, you have placed me in an untenable position with the opinion that this is nothing but an attempt to gain some sort of advantage in this litigation.

In the meantime, please note that I am not refusing to provide you with the names and contact information for the *new lawyers* for each of the officers, as you have demanded under the threat of moving for my disqualification. Rather, I have no information to provide you in this regard, as I am the counsel of record for each of the Defendants in this action.

Jody, I look forward to your written response to this letter and our discussion which will follow. In the meantime, have a great day and weekend, and stay healthy and safe!

Sincerely,

Joseph J. Popolizio
Ian C. Beck
For the Firm

JJP/mw

9098815.1

# EXHIBIT

# C



MARC J. VICTOR, Esq.
Marc@AttorneysForFreedom.com
President
Certified Criminal Law Specialist by
The Arizona Board of Legal Specialization
Admitted in Arizona and Hawaii

ANDREW C. MARCANTEL, Esq.
Andy@AttorneysForFreedom.com
Partner and Criminal Defense Attorney

JODY L. BROADDUS, Esq.
Jody@AttorneysForFreedom.com
Partner and Supervising Civil Attorney

February 1, 2021

**VIA EMAIL AND FIRST-CLASS MAIL**

Joseph Popolizio, Esq.
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

   *Re:*  *Wheatcroft v. City of Glendale, et al.*

Dear Joe:

   This letter is in response to your letter dated January 29, 2021.

   First, your letter states that I made a "rather hasty exit" from the jail facility after Mr. Wheatcroft's deposition in Tucson. As you are aware, the deposition began at 9:00 a.m. and was not concluded until approximately 6:00 p.m., and I still had to drive back to Phoenix after the deposition. I have been dealing with a family medical situation that made my absence rather difficult on my family. It was imperative that I got home as quickly as possible. Thus, contrary to your insinuation, my departure once the deposition was concluded was personal in nature and had nothing to do with you or this case.

   Second, I have not made any statement whatsoever as to whether or not you have proceeded unethically. Rather, as previously stated, we want to discuss matters with Defendants Matthew Schneider, Michael Fernandez, and Mark Lindsey which create non-waivable conflicts between and among those individual Defendants as well as with Defendant City of Glendale. Your request that I first discuss those matters with you is inappropriate given the nature of the conflict.

   Your letter indicates that you are not refusing to provide me with the names and contact information for the new lawyers for each of the officers. However, you have not provided any such contact information, and you reiterated that you are counsel of record. Therefore, I am again requesting that you provide me with the names and contact information for each of the

3185 SOUTH PRICE ROAD, CHANDLER ARIZONA 85248
Phone:480.755.7110 Fax: 480.857.0150
Jail Line: 480.755.4921
AttorneysForFreedom.com

*"I promise to represent my clients the way I would want to be represented myself."*

officers.  As stated in my prior letter, if you are refusing to provide such information, please let me know so I can file the motion with the Court requesting your disqualification due to the non-waivable conflicts.

Sincerely,

ATTORNEYS FOR FREEDOM

Jody L. Broaddus, Esq.

JLB/hw

2

# EXHIBIT

# D

## Heather Wilson

| | |
|---|---|
| **From:** | Jody Broaddus |
| **Sent:** | Wednesday, February 24, 2021 11:18 AM |
| **To:** | JOE POPOLIZIO |
| **Cc:** | Ian Beck; Heather Wilson; Julie Wanner |
| **Subject:** | Wheatcroft v. Glendale, et. al. |

Joe,

With regard to my letters dated January 20 and February 1, we have not received any information for separate counsel for Schneider, Fernandez, and Lindsay. Also, the deadline for settlement talks in this case is March 26, 2021. As you know, the Plaintiffs have made several attempts to try to resolve this matter since July of 2018, but with no response or reciprocal efforts by the Defendants in any manner. Thus, I am concerned about the futility of informal settlement discussions without an independent mediator or settlement judge. Therefore, please let me know if you would be in agreement to a mediator or settlement judge to assist in this matter. If not, please provide me with date that we can engage in settlement talks before the March 26, 2021 deadline. Also, please confirm that Schneider, Fernandez, and Lindsay have separate legal counsel for the settlement discussions due to the conflicts.

Best regards,

*Jody L. Broaddus*

**Partner and Supervising Civil Attorney**



**Jody L. Broaddus, Esq.**
Partner and Supervising Civil Attorney
Admitted in Arizona and Hawai'i
E-mail: Jody@AttorneysForFreedom.com

ATTORNEYS FOR
**FREEDOM**
LAW FIRM
AttorneysForFreedom.com

3185 South Price Road - Chandler, Arizona 85248 | (480) 755-7110
1003 Bishop Street, Suite 1260 - Pauahi Tower - Honolulu, Hawai'i 96813 | (808) 647-2423

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

# EXHIBIT

# E

**Heather Wilson**

From:         JOSEPH POPOLIZIO <Jpopolizio@JSHFIRM.com>
Sent:         Monday, March 1, 2021 7:44 PM
To:           Jody Broaddus
Cc:           Ian Beck; Heather Wilson; Julie Wanner; Justin Ackerman
Subject:      RE: Wheatcroft v. Glendale, et. al.

Dear Jody,

I hope this email finds you and yours doing well.

Plaintiffs certainly have made demands contained in Notices of Claim and the withdrawn Offer of Judgment.  Over time, Plaintiffs increased their demands for settlement contained in the Notices of Claim, from the initial Notice from prior counsel, the first Notice that you sent, and then the Notice that included the claims of the minor children.  I also recognize the stipulated dismissal as an effort towards the resolution of this case, as it eliminated all of Anya Chapman's claims and, therefore, her multi-million demand for settlement.

In addition, Plaintiffs' demands have been very high, despite the realities that discovery has revealed.  Moreover, without the testimony of Anya Chapman, who you were unable to find and with whom you were unable to communicate, even when she was your client and a Plaintiff, the evaluation of this matter was certainly difficult, if not impossible.  Now that her deposition has finally occurred, despite repeated efforts of Defendants to depose her, that piece of the puzzle has been addressed.  The same goes for Johnny Wheatcroft's deposition, which was, as you are well aware, delayed due to his incarceration and Covid-19 restrictions imposed by the ADCRR which required the issuing of a Writ of Habeas Corpus ad Testificandum to override.  Both of these depositions have occurred within the last 1.5 months. As a result of these depositions and those previously taken, we now have the lay of the land for dispositive motion and settlement evaluation purposes.

In reference to your previous letters, please recall that I have twice written you with regard to the issue of what you claimed to be the basis of my alleged disqualification.  I was explicit and sincere in my request for you to define this claimed disqualification issue in writing;  you refused to do so.  From this email, I believe that settlement negotiations is what you believe to present the issue; if that was the case, then why didn't you just say so?  Clarity of this issue and your position are all that I request. And my request is reasonable.  If you disagree, please tell me why you disagree.  With regard to the request for prospective identification of counsel, I will get back to you on that issue.

1

In the meantime, I do believe that a private mediator is necessary to facilitate settlement discussions in this matter given the complexity and number of claims presented, and the amount of Plaintiffs' demand given the evidence presented and discovered during this action.  In addition, holding the mediation after the summary judgment deadline would certainly assist the mediator and the parties to assess the claims that remain and the potential for success on those claims, or lack thereof.  Please let me know who you would suggest to mediate this matter.  I will also think of potential mediators and share them with you, as well.

Please know that I will be tied up most of the day tomorrow, just in case you try to reach me by phone or email.

Nevertheless, I look forward to hearing from you.  In the meantime, have a nice night, a great day tomorrow, and stay healthy and safe.

Sincerely,

Joe

---

**From:** Jody Broaddus [mailto:jody@attorneysforfreedom.com]
**Sent:** Wednesday, February 24, 2021 11:18 AM
**To:** JOSEPH POPOLIZIO
**Cc:** Ian Beck; Heather Wilson; Julie Wanner
**Subject:** Wheatcroft v. Glendale, et. al.

Joe,

With regard to my letters dated January 20 and February 1, we have not received any information for separate counsel for Schneider, Fernandez, and Lindsay.  Also, the deadline for settlement talks in this case is March 26, 2021.  As you know, the Plaintiffs have made several attempts to try to resolve this matter since July of 2018, but with no response or reciprocal efforts by the Defendants in any manner.  Thus, I am concerned about the futility of informal settlement discussions without an independent mediator or settlement judge.  Therefore, please let me know if you would be in agreement to a mediator or settlement judge to assist in this matter.  If not, please provide me with date that we can engage in settlement talks before the March 26, 2021 deadline.  Also, please confirm that Schneider, Fernandez, and Lindsay have separate legal counsel for the settlement discussions due to the conflicts.

Best regards,
*Jody L. Broaddus*
**Partner and Supervising Civil Attorney**

# EXHIBIT

# F

## Heather Wilson

| | |
|---|---|
| **From:** | Jody Broaddus |
| **Sent:** | Thursday, March 4, 2021 8:08 AM |
| **To:** | JOSEPH POPOLIZIO |
| **Cc:** | Ian Beck; Heather Wilson; Julie Wanner; Justin Ackerman |
| **Subject:** | RE: Wheatcroft v. Glendale, et. al. |

Joe,

Your email below claims you wrote me twice regarding the conflict issue. However, we only received one letter which was dated 1/29/2021, and I sent a response to that letter on 2/1/21, but did not receive any response until you responded to my 2/24/21 on 3/1/21. To date, you have continued to refuse to provide separate counsel due to the conflict. Also, as pointed out in my email below, we requested the officers each have separate counsel for the settlement conference due to the conflict. In addition to settlement matters, there are evidentiary matters that highly conflict with the City of Glendale that we want to discuss with the officers. We have been asking for contact info for separate counsel since January, but to no avail. Therefore, given the nature of the conflict between each officer and the City of Glendale as to the matters we wish to discuss with each officer, and based on the advice of ethic's counsel, we will proceed with a motion with the court on this issue.

The availability of a mediator may be an issue given the 3/26 deadline. Also, I think we need a mediator who is knowledgeable about civil rights claims. For example, Steve Scott conducted a mediation on one my civil rights cases in the past, but he admittedly was not well versed on civil rights claims which made settlement efforts very difficult. We are reaching out to potential mediators as to availability and will provide you with those names of persons who can fit within the time limitation. Meanwhile, please provide me with names of those you think would be good for this case and would be able to conduct a mediation by the 3/26 deadline.

Finally, I do not think running up attorneys' fees and costs to file summary judgment motions is necessary before complying with the Court's 3/26 deadline to complete the settlement conference, as I believe each side is well versed on the issues and the evidence. Further, I highly question the propriety of summary judgment motions given the nature of the claims and the evidence, but we can address that issue if and when the time comes. Based on my experiences over the past 20 years of practice, I have come across numerous situations where attorneys feel the need to file summary judgment motions regardless of the existence of questions of fact that would preclude summary judgment. I don't know if they were just trying to unnecessarily run up their clients' bill, increase work for opposing counsel at the expense of judicial resources, or they just think that they are supposed to do so regardless of the evidence.

Best regards,
*Jody L. Broaddus*
Partner and Supervising Civil Attorney

1

# EXHIBIT

# G



JOSEPH J. POPOLIZIO*
TELEPHONE: (602) 263-1741
FAX: (602) 200-7876
E-MAIL: JPOPOLIZIO@JSHFIRM.COM

*ALSO ADMITTED IN CONNECTICUT
AND WASHINGTON, D.C.

40 NORTH CENTRAL AVENUE
SUITE 2700
PHOENIX, ARIZONA 85004
PHONE: (602) 263-1700
FAX: (602) 651-7599
WWW.JSHFIRM.COM

| | | | | |
|---|---|---|---|---|
| WILLIAM R. JONES, JR. (1939 – 2017) | J. RUSSELL SKELTON | EDWARD G. HOCHULI (OF COUNSEL) | A. MELVIN McDONALD | DONALD L. MYLES, JR. |
| WILLIAM D. HOLM | MARK D. ZUKOWSKI | GEORGIA A. STATON | MICHAEL E. HENSLEY | JOHN T. MASTERSON |
| ROBERT R. BERK | JAMES P. CURRAN | STEPHEN A. BULLINGTON | JAMES J. OSBORNE | EILEEN DENNIS GiLBRIDE |
| CRISTINA M. CHAIT | MICHAEL A. LUDWIG | JEFFERSON T. COLLINS | DAVID S. COHEN | PHILLIP H. STANFIELD |
| JOHN M. DiCARO | WILLIAM G. CARAVETTA III | F. RICHARD CANNATA, JR. | MICHAEL W. HALVORSON | JOSEPH J. POPOLIZIO |
| GORDON LEWIS | RYAN J. McCARTHY | J. GARY LINDER | SANFORD K. GERBER | DONN C. ALEXANDER |
| KATHLEEN S. ELDER | DOUGLAS R. CULLINS | A. BLAKE DeLONG | LORI L. VOEPEL | JOSHUA M. SNELL |
| JEREMY C. JOHNSON | MICHELE MOLINARIO | CHARLES M. CALLAHAN | KEVIN K. BROERMAN | DAVID L. STOUT, JR. |
| DANIEL O. KING | BRANDI C. BLAIR | ASHLEY VILLAVERDE HALVORSON | ERIK J. STONE | R. CHRISTOPHER PIERCE |
| CHRISTOPHER G. STUART (OF COUNSEL) | PATRICK C. GORMAN | CHELSEY M. GOLIGHTLY | DIANA J. ELSTON | JONATHAN P. BARNES |
| ELIZABETH A. GILBERT | KENNETH L. MOSKOW | ALEXANDER R. LaCROIX | CLARICE A. SPICKER | JOHN A. KLECAN (OF COUNSEL) |
| F. KYLE ROBERTSON | ANDREW I. CLARK | DAVID C. POTTS | JOHN D. LIERMAN | JUSTIN M. ACKERMAN |
| AMELIA A. ESBER | JOEL W. HABBERSTAD | JOHN M. GREGORY | CORY E. TYSZKA | ERICA J. SPURLOCK |
| KEITH D. COLLETT | RAVI V. PATEL | BRIAN J. RIPPLE | KIMBERLY K. PAGE | DEREK R. GRAFFIOUS |
| NICOLAS T. MARTINO | BRENDAN A. MELANDER | MATTHEW S. BARNEY | ALEJANDRO D. BARRIENTOS | STEPHEN F. BEST |
| CLARISSA B. REIMAN | NICOLE M. PREFONTAINE | EVANN M. WASCHUK | BRIAN I. CUEVAS | IAN C. BECK |
| JOSEPH E. LEVERENCE | PETRA L. EMERSON | ANNE E. HOLMGREN | MATTHEW B. BALTIERRA | ANNELISE M. DOMINGUEZ |
| JOEL D. BRODFUEHRER | MICHAEL C. STONE | MARIAH L. LOGAN | ALEXIS N. TINUCCI | JOSHUA F. DUNFORD |
| SAMANTHA E. COTE | KATHRYN L. HUNNICUTT | ANNE-GRACE REULE | CAMILLA B. PORTER | KRISTIN W. BASHA |

March 5, 2021

<u>**Via Email Only**</u>
Jody L. Broaddus, Esq.
Attorneys For Freedom
3185 South Price Road
Chandler, AZ 85248

   Re: *Johnny Wheatcroft, et al. v. City of Glendale, et al.*
      United States District Court Case No. 2:18-cv-02347-MTL

Dear Jody:

   I hope this letter finds you and yours well and staying safe and healthy.

   In response to your March 4, 2021 email, you have neither articulated the "evidentiary matters" which you claim create a "non-waivable conflict" requiring my withdrawal, nor the "non-waivable conflict" itself, despite my requests. Rather, you have essentially told me that you want to remove me to have access to my clients without me. Therefore, since you have failed to provide the requested explanation and have indicated that you will be filing a motion to disqualify me, I will await your motion and then respond. Please note, that I am compelled to tell you that if, after review, your motion appears to be frivolous, I will seek sanctions associated with responding to the motion, including time spent attempting to

9202094.1

# JONES, SKELTON & HOCHULI, P.L.C.

Page 2

determine the basis of this undefined non-waivable conflict and the undefined evidentiary matters from which it supposedly stems.

In addition, pursuant to the Court's Order, March 26, 2021 is both the deadline for dispositive motions and good faith settlement talks. I will be filing a Motion for Summary Judgment by that deadline and am willing to engage in settlement talks March 22-26, with my preference at this time being March 24, 2021. Please advise as to your availability.

However, I also share your concern that informal settlement talks would prove futile. Thus, as I have previously indicated, I agree that mediation with a private mediator is necessary. In any event, mediation will not occur before the dispositive motion deadline, although I thank you for your recent efforts to arrange mediation. While you may "highly question the propriety of summary judgment motions" in this case, I respectfully disagree. Defendants' prospective Motion for Summary Judgment is not only proper, but it will play a vital role in educating any mediator and, frankly, the parties in their analysis of the claims and defenses presented in this action.

Nevertheless, after the dispositive Motion deadline and, preferably, after the Motion is fully briefed, I am not opposed to proceeding to mediation with Judge Skelly. However, this case is one that will require a full day of mediation given the number and complexity of issues. The prospective viewing of video would alone extend the time necessary for mediation beyond one-half day. As for other mediators in addition Judge Skelly, Craig Phillips and David Damron are also acceptable. Both are knowledgeable regarding 42 U.S.C. Section 1983, and I am informed that Mr. Damron actually has tried law enforcement civil rights cases while in practice.

Jody, I look forward to your response and the opportunity to respond to the motion you intend to file. In the meantime, enjoy your weekend and stay safe and healthy!

Sincerely,

Joseph J. Popolizio
For the Firm

JJP/mw

9202094.1