Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Ian C. Beck, Bar #035599
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7876
jpopolizio@jshfirm.com
jackerman@jshfirm.com
ibeck@jshfirm.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft and Anya Chapman, as husband and wife, and on behalf of minors J.W. and B.W.,<br><br>Plaintiffs,<br><br>v.<br><br>City of Glendale, a municipal entity; Matthew Schneider, in his official and individual capacities; Mark Lindsey, in his official and individual capacities; and Michael Fernandez, in his official and individual capacities,<br><br>Defendants. | NO. 2:18-cv-02347-MTL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION REGARDING THE CONFLICT OF INTEREST AMONG DEFENDANTS**<br><br>(Oral Argument Requested) |

9222661.1

7571609v1(61965.3)

1      Defendants the City of Glendale, Matthew Schneider, Mark Lindsey, and

2   Michael Fernandez ("Defendants") together and collectively oppose Plaintiffs' Motion

3   Regarding The Conflict Of Interest Among Defendants ("Plaintiffs' Motion" or the

4   "Motion") because, put simply, there is no conflict of interest.  To date, despite repeated

5   attempts to divine from Plaintiffs' counsel what mysterious "non-waivable conflict"

6   supposedly exists that requires Defendants' counsel's withdrawal from his joint

7   representation of the Defendants in this almost three year old litigation, Plaintiffs' Motion

8   fails to articulate a legal or ethical basis that requires Defendants' counsel to do so.  Given the

9   timing of the instant motion, on the eve of the dispositive motion deadline and just before

10  good faith settlement talks are to occur, it appears that Plaintiffs are injecting this issue at this

11  quite late date either to try to obtain leverage in settlement negotiations, or in the hopes of

12  avoiding summary judgment by current defense counsel.  The Court should deny Plaintiffs'

13  Motion.

14              **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

15      As more fully described below, Plaintiffs' Motion fails for the following

16  reasons: (1) the Motion does not seek a specific remedy, but rather asks vaguely for the

17  Court's "assistance," which in essence is either an improper request for an advisory opinion,

18  or an attempt to have the Court deprive Defendants of their chosen counsel of record, with

19  no basis for such an extreme action; (2) the Motion says Plaintiffs are not seeking

20  disqualification, but nevertheless, Plaintiffs want the Court to remove the Defendants'

21  current counsel from representation of some Defendants – which is the equivalent of

22  disqualification – at a critical stage of the case and after almost three years of litigation; (3) no

23  event has occurred to justify the Motion, except Plaintiffs' unsubstantiated and self-serving

24  statements that they would rather communicate with some Defendants outside the presence

25  of their current counsel; (4) Arizona law, which governs this issue, looks with extreme

26  skepticism upon any effort by a party to deprive another party of counsel of their choice

27  through disqualification; (5) opposing parties are not permitted to force a change of the other

28  parties' lawyers merely for their own convenience or strategic reasons; (6) without waiving the

9222661.1

1

attorney-client privilege, all Defendants are aware of the Plaintiffs' Motion and have affirmed that they do **not seek or desire** a change of counsel; (7) Defendants' interest in being represented by counsel of their choice should be afforded paramount consideration, because Plaintiffs have failed, despite multiple requests, to articulate any factual or legal basis that would justify depriving Defendants of their lawyers; and (8) the substitution or addition of counsel at this stage will create unnecessary burden and cost, both on the Defendants (through the expenditure of taxpayer dollars for new or additional counsel), and the Court's efficient administration of the case.

## I.   PLAINTIFFS FAILED TO ARTICULATE THE PERCEIVED CONFLICT UNTIL, AT BEST, THE INSTANT MOTION.

On January 20, 2020, in the middle of the deposition of Johnny Wheatcroft, Plaintiffs' counsel sent a letter to me stating the following: "We want to discuss matters with Defendants Matthew Schneider, Michael Fernandez, and Mark Lindsey which create non-waivable conflicts between and among those individual Defendants as well as with Defendant City of Glendale." [1/20/21 Letter, **Ex. 1**; 1/20/21 email, **Ex. 2**].[1]  As detailed in my response to this letter, the lack of any information from Plaintiffs' counsel regarding the "non-waivable conflicts" entirely failed to put me in any position to evaluate the bold and unsupported conflict assertions made by Plaintiffs' counsel. [1/29/21 Letter, **Ex. 3**].  Thus, I succinctly stated the circumstance I found in following Plaintiff's January 20, 2021 letter as follows: "I am not willing to discuss this 'non-waivable conflict' from the current position in which you have placed me—i.e., that of a blind man, in a dark room, looking for a black cat that isn't there." [*Id.*].

Over the next few weeks, Plaintiff's counsel continued to assert that a conflict existed, but without further defining her factual or legal basis.  [*See* 2/1/21 Letter, **Ex. 4**; 2/24/21 email, **Ex. 5**; 3/4/21 email, **Ex. 6**].  Again, I responded seeking clarification of the

---

[1] Indeed, Defendants note that contrary to the assertion in Plaintiffs' Motion that they are seeking appointment of counsel to *prevent me from being disqualified*, from the outset of their communications on this issue, Plaintiffs threatened to seek my "disqualification due to the [undefined] non-waivable conflicts."

9222661.1

asserted conflict issue.  [*See* 3/1/21 email, **Ex. 7**; 3/4/21 Letter, **Ex. 8**].  I also informed Plaintiffs' counsel that, after weeks of exchanges about the purported "non-waivable conflict," I would reserve the right and option to seek sanctions associated with responding to a motion if "after review, [the] motion appear[ed] to be frivolous…."  [*Id.*].  Plaintiffs' counsel again wrote to me and, for the first time, vaguely articulated her perceived basis for a conflict:

> We intend to make offers to the officers separately, and we do not want the officers to know the offers made to the other officers.  Further, we do not want Glendale to know the offers made to each officer.  Moreover, the offers we intend to make create a conflict between the officers and Glendale.  Therefore, please ensure each officer has separate counsel for the settlement talks.

[3/8/21 Letter, **Ex. 9**].  I responded that Plaintiffs' "desire to make separate settlement offers is not close to a viable reason for forcing me to withdraw from my representation of all clients. You are free to make whatever settlement offers you want; however, you cannot force me to withdraw because of your settlement strategy. You have not cited any authority for your arguments in that regard, either."  I informed Plaintiff that I intended to "proceed in the best interests of [my] clients under the current case deadlines."  [3/9/21 email, **Ex. 10**].

Upon receipt, Plaintiffs' counsel asserted there was an "obvious conflict" under "the ethical rules" (without defining or citing any particular ethical rule or factual basis) and alleged that Plaintiffs had "consulted with ethics counsel on this issue" and had been "advised to file a motion with the Court if [Defendants] are unwilling to provide separate counsel for the officers."  [3/9/21 email, **Ex. 11**].  Plaintiffs then attached a draft of their Motion.  [3/9/21 email, **Ex. 12**].  Left with no new information to assess Plaintiffs' claims either from face-to-face discussion with Plaintiffs' counsel or from her draft Motion, I informed Plaintiffs' counsel that: 1) I, too, had consulted outside ethics counsel, in addition to firm counsel; 2) I still disagreed with Plaintiffs' counsel's position; and 3) I would respond to Plaintiffs' Motion upon filing.  As pledged, Plaintiff filed the instant Motion.

## II.   PLAINTIFFS SEEK DISQUALIFICATION OF DEFENDANTS' CURRENT COUNSEL.

As a threshold issue, Plaintiffs' Motion asserts that Plaintiffs do not seek disqualification of me and my firm, but that is precisely what it seeks.   Plaintiff seeks appointment of new independent counsel for the individual defendants – which by definition requires the disqualification of me and the other lawyers from Jones, Skelton & Hochuli. Thus, to say that the opposing party does not seek to disqualify Defendants' counsel for the entirety of the case, but only for settlement and mediation purposes, is an empty statement, because if the Court were to grant Plaintiffs' wish, Defendants would be deprived of their counsel of choice at perhaps the most critical stage of the representation – potential settlement.   Plaintiffs' position does, however, provide significant insight into Plaintiffs' true intentions.

## III.   PLAINTIFFS LACK STANDING TO SEEK DISQUALIFICATION.

### A.   Plaintiffs Lack Standing To Raise A Conflict Involving The Joint Representation Of Defendants.

Arizona courts "view with suspicion" motions to disqualify counsel based on an alleged "conflict of interest or appearance of impropriety," *Gomez v. Superior Court*, 149 Ariz. 223, 226, 717 P.2d 902, 905 (1986), and "[w]henever possible the courts should endeavor to reach a solution that is least burdensome upon the client or clients." *Alexander v. Superior Court*, 141 Ariz. 157, 161, 685 P.2d 1309, 1313 (1984).  Given the potential for abuse with such motions, the burden of proof is on the moving party and it is high. Rule 42, Ariz. R.Sup.Ct., Preamble, Ariz.R.Prof. Conduct, ¶ 20 (warning that "the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons"); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (disqualification motions are subjected to "particularly strict scrutiny" because of their "potential for abuse").

Indeed, "[g]enerally, only the former or current client will have such a stake in a conflict of interest dispute." *Colyer v. Smith,* 50 F. Supp. 2d 966, 971 (C.D. Cal. 1999); *Jamieson v. Slater,* CV 06-1524-PHX-SMM, 2006 WL 3421788, at *4 (D. Ariz. Nov. 27, 2006)

4

9222661.1

("The majority view on the standing issue is that only a current or former client of an attorney has standing to complain of an attorney's representation of interests adverse to that current or former client."). The standing requirement protects against the strategic exploitation of the rules of ethics long disfavored by the Courts. *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.*, 264 F. Supp. 2d 914, 918 (N.D. Cal. 2003) ("[B]ecause a motion to disqualify is often tactically motivated, and can be disruptive to the litigation process, it is a drastic measure that is generally disfavored.").[2]   Thus, the Arizona Supreme Court in *Alexander* noted the following test for a motion for disqualification:

> We believe that the court, when considering a motion for disqualification based upon the appearance of impropriety, should consider the following: (1) whether the motion is being made for the purposes of harassing the defendant, (2) whether the party bringing the motion will be damaged in some way if the motion is not granted, (3) whether there are any alternative solutions, or is the proposed solution the least damaging possible under the circumstances, and (4) whether the possibility of public suspicion will outweigh any benefits that might accrue due to continued representation.

141 Ariz. at 165, 685 P.2d at 1317.

Here, and significantly, Plaintiffs have never been a current of former client of Defendants' counsel or his firm. Moreover, the strategic intent of the Motion is apparent from the fact that Plaintiffs' counsel waited to raise the issue until the eve of the settlement discussion deadline and dispositive motion deadline.  Indeed, addressing the instant Motion is at this very moment distracting me and my associates from finalizing Defendants' summary judgment motion on Plaintiffs' many claims – which might be precisely one of the motivations for the Motion.

Plaintiffs will suffer no prejudice if their Motion is denied.  Plaintiffs have no

---

[2] *See also Ellico v. Hackberry Elementary Sch. Dist. No. 3 of Mohave County Governing Bd.*, 1 CA-CV 13-0025, 2014 WL 465848, at *4 (App. Feb. 4, 2014) ("Ellico did not have standing to seek disqualification because he did not allege that he was counsel's past or current client, or that extreme circumstances otherwise entitled him to challenge defense counsel's representation."); *State ex rel. Romley v. Superior Court*, 181 Ariz. 378, 380, 891 P.2d 246, 248 (App. 1995) ("Generally, only a client or a former client has standing to challenge legal representation on grounds of conflict of interest."); *Colyer*, 50 F. Supp. 2d at 971 ("A non-client litigant must establish a personal stake in the motion to disqualify sufficient to satisfy the 'irreducible constitutional minimum' of Article III.").

5

stake in whether my ethical obligations under ER 1.7 and 1.8 are satisfied (which they are).  If any conflict exists (which it does not), it is not Plaintiffs' position to allege it.  That would be for Defendants and counsel to address.

Finally, there is no possibility that public suspicion will outweigh any benefits that might accrue due to continued representation.  To the contrary, for public servants to be deprived their choice of counsel at this late and critical stage of the litigation, but without any specifically articulated factual or legal basis for doing so, could create an appearance to the public that the balance of justice is skewed against the Defendants.

Plaintiffs entirely fail to articulate facts that would justify depriving Defendants of their counsel of choice.   Plaintiffs state that they intend to propose settlement terms to the individual Defendants. Nothing precludes them from doing so while Defendants are jointly represented.  Indeed, despite the standards stated under Arizona law for considering motions to disqualify, if all a plaintiff's counsel had to do was to **propose** individualized settlement terms in the context of a joint representation to force disqualification of defense counsel, the floodgates would open to abusive practices, and joint representation would become a virtual impossibility.  Yet the Arizona Rules of Professional Conduct permit joint representation, and such representation can simplify the administration of multi-party cases and make them far more efficient and less costly for all parties. Joint representations are common and effective.  They do not nearly involve any "extreme circumstance" that would otherwise justify a plaintiff blocking defendants from their counsel of choice.[3]

**B.   <u>A Federal Court Lacks Authority To Order A State Municipality To <i>Assign</i> New Counsel For The Individual Defendants Or Force the Individual Defendants To Retain New Counsel.</u>**

Plaintiffs "seek the Court's guidance" on the purported ethical issue before the

---

[3] Indeed, Plaintiffs overstep by even asserting which client I can continue to represent in the event of an actual conflict.  Plaintiffs continue to assert that I cannot continue to represent any of the individual Defendants, but appear to relegate my role in any settlement negotiations to represent the City of Glendale.  Respectfully, it is not up to Plaintiffs to determine whom I or my firm will represent in the event of an actual conflict that would require withdrawal of a joint representation. Again, Plaintiffs' position on this issue illustrates the true motivation behind the Motion.

9222661.1

6

Court and "request an Order requiring separate counsel be afforded to the individually named Defendants due to non-waivable conflicts." But federal courts are courts of limited jurisdiction and lack authority either to provide advisory opinions or authority to order a state municipality to provide individual defendants with separately retrained counsel. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."). Here, Plaintiffs' Motion provides the Court with no constitutional or statutory authority demonstrating the Court has the power to grant the relief Plaintiffs seek. That is because none exists, and case law makes clear that the relief requested by Plaintiffs is entirely improper.

Unlike the very limited circumstances in which Courts have permitted a non-client litigant to raise a conflict issue, *Colyer*, 50 F. Supp. 2d at 971, Plaintiffs request that the Court disqualify me from joint representation of the individual Defendants and have the Court assign new counsel to the individual Defendants for settlement purposes. Despite exhaustive research, my colleagues and I did not find a single case in this jurisdiction, Arizona state courts, or in any other jurisdiction in which a court has provided such relief. Indeed, not only is such conduct directly barred by the 11th Amendment[4], but the Supreme Court has made clear that although a federal district court may compel compliance with federal law by enjoining state laws or practices that violate federal law, it may not direct state or local officials to enforce state laws. *See e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 104–06 (1984) ("A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh

---

[4] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

9222661.1

7

Amendment."); *Printz v. United States*, 521 U.S. 898, 935 (1997).

## IV.   EVEN IF PLAINTIFFS HAD STANDING AND THIS COURT HAD AUTHORITY TO GRANT THE RELIEF REQUESTED, THAT RELIEF WOULD BE IMPROPER BECAUSE THERE IS NO CURRENT CONFLICT THAT REQUIRES MY DISQUALIFICATION.

### A.   Plaintiffs' Purported "Conflict" Is Still Hypothetical At This Juncture.

In this case, no facts have emerged that create a conflict among the Defendants. Despite statements of intent, Plaintiffs have made no individual settlement offers. Nothing precludes them from making such offers. If they were to be made, Defendants' counsel understands his ethical obligations. No intervention or interference in the attorney-client relationship by Plaintiffs is appropriate, much less necessary. The remedy sought, in other words, not only is vague, it is also based on pure conjecture and speculation. Defense counsel should be allowed to represent his clients in accordance with the Arizona Rules of Professional Conduct. The Motion suggests otherwise, and such suggestion improperly impugns the knowledge and integrity of Defense counsel. "Plaintiffs' conflict argument [does not appear to be] based on testimony or evidence but, instead, on speculation." *Gooden v. Batz*, 2020 WL 1684813, at *5 (S.D. Ohio Apr. 7, 2020) ("At this time, and unlike Sanford, there is no discovery before the Court that demonstrates 'there is a substantial discrepancy in the clients' testimony, incompatible positions in relation to another party, potential cross-claims, or substantially different possibilities of settlement of claims or liabilities in question.' Simply stating that it "is likely to occur" is not enough to disqualify a party's choice of counsel.").

### B.   On Its Face, Presenting Multiple Settlement Offers To Co-Defendants Does Not Create A Concurrent Conflict Under E.R. 1.7 or 1.8.

Even if Plaintiffs' purported conflict were stated with sufficient clarity and detail to make it ripe, there is no conflict under E.R. 1.7 and 1.8.  Plaintiffs' Motion, at best, articulates the purported conflict as follows:

> Here, the matters which Plaintiffs which (sic) to discuss with each Defendant are directly adverse to the other Defendants. Thus, if Plaintiffs exposed Defendants' current counsel to those matters, a non-waivable conflict would exist between and among the Defendants, which would likely lead to a disqualification that

9222661.1

1    Plaintiffs are trying to avoid.

2    [Doc. 233 at 4-5].  Plaintiffs' mere assertion of a "non-waivable conflict" between and among

3    the Defendants does not reveal what "matters" they seek to discuss "with each Defendant"

4    that might create a "non-waivable conflict."[5]  Nothing in E.R. 1.7 or 1.8 establishes that an

5    opposing party's desire to communicate with a client outside the presence of that client's

6    counsel is a conflict of interest that disqualifies the client's current counsel.  Otherwise, no

7    attorney-multiple client relationship would survive to the end of any litigation.

8    Further, Plaintiffs state, without any explanation, that the individual

9    Defendants "may be open to settlement and *evidentiary discussions that may be directly adverse to*

10   *Defendant Glendale.*" [Doc. 233 at 5:4-5 (emphasis added)].  Exactly what sort of "evidentiary

11   discussions" would counsel have with individual parties?  Each of the individual Defendants

12   was deposed at length by Plaintiffs' counsel. Plaintiff waited years to raise this issue.

13   Discovery is now closed. It certainly appears that Plaintiffs intend to use "settlement

14   negotiations" to attempt to turn one Defendant against the other in a belated attempt to

15   change testimony that has already occurred, but that Plaintiffs simply do not like.

16   Finally, to the extent Plaintiffs note that the excess carrier has provided a

17   reservation of rights to the individual Defendants (Doc. 233 at 4:2-5), that reservation could

18   be waived at any time.  Moreover, the City has not issued any reservation of rights and

19   Plaintiffs simply assume that the City is not providing a full defense to individual Defendants

20   in this action. Most importantly, Plaintiffs' argument supposes that Defendants' counsel did

21   not discuss these (and all other relevant) possible issues before undertaking the joint

22   representation, and during the course of the case. Plaintiffs' supposition is wrong.

23   Defendants are aware of this Motion and the communications between Plaintiffs' counsel

24   and me on this alleged conflict issue. Most importantly, without waiving the attorney-client

25   privilege and work product doctrine protection, I inform the Court that Defendants wish to

26

27   _____

     [5] Plaintiffs' counsel continues to use the language "discuss with each Defendant"
28   which alarms me that Plaintiffs' counsel intends to speak directly with each individual
     Defendant without the permission of counsel and not through their counsel.

9222661.1                                          9

proceed with my joint representation of them and reject the proposed "remedy" that Plaintiffs' counsel requests.

## V.    DEFENDANTS REQUEST THEIR ATTORNEYS' FEES FROM PLAINTIFFS OR THEIR COUNSEL INCURRED IN RESPONDING TO FRIVOLOUS CONFLICTS' ARGUMENT.

Contrary to Plaintiffs' argument, I never threatened sanctions in response to her undefined assertion of a "non-waivable conflict." Rather, I stated that I *may* seek sanctions only after seeing Plaintiffs' Motion and having an opportunity to evaluate its merits:

> Please note, that I am compelled to tell you that if, after review, your motion appears to be frivolous, I will seek sanctions associated with responding to the motion, including time spent attempting to determine the basis of this undefined non-waivable conflict and the undefined evidentiary matters from which it supposedly stems.

[**Ex. 8**, 3/4/21 Letter]. Now, after reviewing Plaintiffs' Motion, I am compelled to seek fees as a sanction under Rule 11, Fed.R.Civ.P. As stated above, despite repeated requests, Plaintiffs have failed to articulate the alleged "non-waivable conflict" stemming from undefined "evidentiary issues." Neither I nor the Court should be left to guess the nature of the conflict that supposedly exists. Moreover, as stated above, Plaintiffs lack standing to seek the relief requested in their Motion, and this Court lacks authority to compel the City of Glendale to appoint new counsel for the individual Defendants, or to compel the individual Defendants to abandon the counsel of their choice and take on new counsel. It would have required very little research or good-faith analysis for Plaintiffs' counsel to recognize these fatal flaws in her Motion and, accordingly, to refrain from filing it. Defendants for these reasons respectfully seek their attorneys' fees and costs associated with all correspondence with Plaintiffs' counsel on this issue and the analysis undertaken to attempt to determine the nature of this undefined "non-waivable" conflict", purportedly stemming from unrevealed "evidentiary issues," as well as their fees and costs incurred in drafting this Response and any subsequent proceedings related to the Motion.

## VI.    CONCLUSION.

For the reasons stated above, the Court should deny Plaintiffs' Motion and

10

1   should award Defendants their reasonable attorneys' fees and costs.[6]

2
            DATED this 15th day of March 2020.
3
                              JONES, SKELTON & HOCHULI, P.L.C.
4

5
                              By /s/ Joseph J. Popolizio
6                                Joseph J. Popolizio
                                 Justin M. Ackerman
7                                Ian C. Beck
                                 40 North Central Avenue, Suite 2700
8                                Phoenix, Arizona  85004
                                 Attorneys for Defendants
9

10                    **CERTIFICATE OF SERVICE**

11          I hereby certify that on this 15th day of March 2020, I caused the foregoing

12   document to be filed electronically with the Clerk of Court through the CM/ECF System

13   for filing; and served on counsel of record via the Court's CM/ECF system.

14
            I further certify that some of the participants in the case are not registered CM/ECF
15
     users.  I have mailed the foregoing document to the following non-CM/ECF participants:
16

17   Marc J. Victor
     Jody L. Broaddus
18   Attorneys for Freedom
     3185 South Price Road
19   Chandler, Arizona 85248
     Marc@AttorneyForFreedom.com
20   Jody@AttorneyForFreedom.com
     Attorneys for Plaintiffs
21

22

23   /s/Melissa Ward

24

25

26   _____
           [6] Defendants also object to any *ex parte* communication between the Court and
27   Plaintiffs regarding the subject of the instant Motion.  Plaintiffs' Motion cites no authority or
     argument supporting why the details of the purported non-waivable conflict cannot be shared
28   with me.
     9222661.1                                    11

                                                                            7571609v1(61965.3)

# EXHIBIT 1



MARC J. VICTOR, Esq.
President and Certified Criminal Law Specialist
by The Arizona Board of Legal Specialization;
Admitted in Arizona and Hawai'i

ANDREW C. MARCANTEL, Esq.
Partner and Criminal Defense Attorney;
Admitted in Arizona and Hawai'i

HOWARD F. DWORMAN, Esq.
Criminal Defense Attorney; Admitted in Arizona

JODY L. BROADDUS, Esq.
Partner and Supervising Civil Attorney;
Admitted in Arizona and Hawai'i

JILL L. UEHARA, Esq.
Criminal Defense Attorney; Admitted in Hawai'i

SYDNEY J. OSHINSKI, Esq.
Criminal Defense Attorney; Admitted in Arizona

January 20, 2021

**VIA EMAIL AND FIRST-CLASS MAIL**

Joseph Popolizio, Esq.
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

  *Re:* *Wheatcroft v. City of Glendale, et al.*

Dear Joe:

  We want to discuss matters with Defendants Matthew Schneider, Michael Fernandez, and Mark Lindsey which create non-waivable conflicts between and among those individual Defendants as well as with Defendant City of Glendale.

  Please provide me with the names and contact information for the new lawyers for each of the officers. If you are refusing to provide such information, please be advised that we will file a motion with the Court requesting your disqualification due to the non-waivable conflicts.

    Sincerely,

    ATTORNEYS FOR FREEDOM

    Jody L. Broaddus, Esq.

JLB/hw

3185 South Price Road
Chandler, Arizona 85248
Phone: 480-755-7110
Fax: 480-857-0150

*"I promise to represent my clients
the way I would want to be
represented myself."*

1003 Bishop Street
Suite 1260 Pauahi Tower
Honolulu, Hawai'i 96813
Phone: 808-647-2423

**AttorneysForFreedom.com**

# EXHIBIT 2

**Melissa Ward**

| | |
|---|---|
| **From:** | Heather Wilson <heather@attorneysforfreedom.com> |
| **Sent:** | Wednesday, January 20, 2021 11:51 AM |
| **To:** | Julie Wanner; Ian Beck; Melissa Ward; Lisa Drapeau |
| **Subject:** | FW: Wheatcroft v. City of Glendale, et al. |
| **Attachments:** | Letter to OC re Conflict.pdf |

**Categories:** (20106-00010)



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or The Attorneys For Freedom Law Firm at (480) 455-5233 immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

**From:** Heather Wilson
**Sent:** Wednesday, January 20, 2021 11:12 AM
**To:** JOSEPH POPOLIZIO
**Cc:** Jody Broaddus
**Subject:** Wheatcroft v. City of Glendale, et al.

Attached please find correspondence from Jody L. Broaddus.

Please let me know if you have any trouble opening or viewing this document.

Thanks!

Heather Wilson
Paralegal to Jody L. Broaddus



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or The Attorneys For Freedom Law Firm at (480) 455-5233 immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

# EXHIBIT 3



JOSEPH J. POPOLIZIO*
TELEPHONE: (602) 263-1741
FAX: (602) 200-7876
E-MAIL: JPOPOLIZIO@JSHFIRM.COM

*ALSO ADMITTED IN CONNECTICUT
  AND WASHINGTON, D.C.

IAN C. BECK
TELEPHONE: (602) 263-7361
FAX: (602) 200-7871
E-MAIL: IBECK@JSHFIRM.COM

40 NORTH CENTRAL AVENUE
SUITE 2700
PHOENIX, ARIZONA 85004
PHONE: (602) 263-1700
FAX: (602) 651-7599
WWW.JSHFIRM.COM

January 29, 2021

Jody L. Broaddus, Esq.
Attorneys For Freedom
3185 South Price Road
Chandler, AZ 85248

Re:   *Johnny Wheatcroft, et al. v. City of Glendale, et al.*
      *United States District Court Case No. 2:18-cv-02347-MTL*

Dear Jody:

I hope this letter finds you and yours well and healthy.

Thank you for your letter dated January 20, 2021 regarding your claim that "matters with Defendants Matthew Schneider, Michael Fernandez, and Mark Lindsey which create non-waivable conflicts between and among those individual Defendants as well as with Defendant City of Glendale" exist, and your demand that I provide you with the names for the new lawyers under the threat of filing a motion to disqualify me as counsel for these Defendants.

First, we have certainly spent enough time together throughout discovery and during depositions. I am curious as to why you have not addressed this subject with me before—especially because, this past summer, you suggested to Barry Mitchell, Matthew Schneider's separate counsel, that you believed that I had a conflict which precluded me from representing my clients. Until now, you have not broached this subject with me. Moreover, even if this was a recent revelation, your letter was received via email on January 20, 2021, while I was examining your client, Johnny Wheatcroft, during his deposition at the Pima County Jail. I did not address the email or letter then, as I was in the midst of deposing Mr. Wheatcroft and had no idea that your paralegal had emailed your letter at that time. As you may recall, I had secured my cell phone in a locker at the jail. In addition, as I also recall, you made a rather hasty exit from the facility at the conclusion of Mr. Wheatcroft's deposition, and failed to inform me of the letter that awaited me or the issues it contained.

Second, my curiosity does not end with the timing of this letter. Of course, I am certainly curious as to the basis and authority of your accusations and demands. Considering the seriousness of this issue, your apparent belief that I am somehow proceeding unethically with the representation of my clients, and your threat to file a motion to seek my disqualification (if you

# JONES, SKELTON & HOCHULI, P.L.C.

Page 2

indeed possess the standing to do so), your letter leaves me greatly disadvantaged.  Despite your serious accusation and threat, you have failed to define and describe the basis of the non-waivable conflict that you contend exists.  While I would certainly discuss this claimed "non-waivable conflict" with you, you first need to identify, define, and provide the basis of it before any discussion can occur. I am not willing to discuss this "non-waivable conflict" from the current position in which you have placed me—i.e. that of a blind man, in a dark room, looking for a black cat that isn't there.

So my request is reasonable and simple: with detail and in writing, please identify, define, and describe this "non-waivable conflict". Unless and until this occurs, I cannot enter into a meaningful discussion with you (and I assume Mark Victor, from your use of the pronoun "we") or provide you with a more detailed response to your letter and the accusations you set forth within it. Without the information that I request and which you supposedly have in your possession, you have placed me in an untenable position with the opinion that this is nothing but an attempt to gain some sort of advantage in this litigation.

In the meantime, please note that I am not refusing to provide you with the names and contact information for the *new lawyers* for each of the officers, as you have demanded under the threat of moving for my disqualification.  Rather, I have no information to provide you in this regard, as I am the counsel of record for each of the Defendants in this action.

Jody, I look forward to your written response to this letter and our discussion which will follow.  In the meantime, have a great day and weekend, and stay healthy and safe!

Sincerely,

Joseph J. Popolizio
Ian C. Beck
For the Firm

JJP/mw

# EXHIBIT 4



MARC J. VICTOR, Esq.
Marc@AttorneysForFreedom.com
President
Certified Criminal Law Specialist by
The Arizona Board of Legal Specialization
Admitted in Arizona and Hawaii

ANDREW C. MARCANTEL, Esq.
Andy@AttorneysForFreedom.com
Partner and Criminal Defense Attorney

JODY L. BROADDUS, Esq.
Jody@AttorneysForFreedom.com
Partner and Supervising Civil Attorney

February 1, 2021

**VIA EMAIL AND FIRST-CLASS MAIL**

Joseph Popolizio, Esq.
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

  Re: *Wheatcroft v. City of Glendale, et al.*

Dear Joe:

  This letter is in response to your letter dated January 29, 2021.

  First, your letter states that I made a "rather hasty exit" from the jail facility after Mr. Wheatcroft's deposition in Tucson. As you are aware, the deposition began at 9:00 a.m. and was not concluded until approximately 6:00 p.m., and I still had to drive back to Phoenix after the deposition. I have been dealing with a family medical situation that made my absence rather difficult on my family. It was imperative that I got home as quickly as possible. Thus, contrary to your insinuation, my departure once the deposition was concluded was personal in nature and had nothing to do with you or this case.

  Second, I have not made any statement whatsoever as to whether or not you have proceeded unethically. Rather, as previously stated, we want to discuss matters with Defendants Matthew Schneider, Michael Fernandez, and Mark Lindsey which create non-waivable conflicts between and among those individual Defendants as well as with Defendant City of Glendale. Your request that I first discuss those matters with you is inappropriate given the nature of the conflict.

  Your letter indicates that you are not refusing to provide me with the names and contact information for the new lawyers for each of the officers. However, you have not provided any such contact information, and you reiterated that you are counsel of record. Therefore, I am again requesting that you provide me with the names and contact information for each of the

3185 SOUTH PRICE ROAD, CHANDLER ARIZONA 85248
Phone: 480.755.7110 Fax: 480.857.0150
Jail Line: 480.755.4921
AttorneysForFreedom.com

*"I promise to represent my clients
the way I would want to be
represented myself."*

officers.  As stated in my prior letter, if you are refusing to provide such information, please let me know so I can file the motion with the Court requesting your disqualification due to the non-waivable conflicts.

Sincerely,

ATTORNEYS FOR FREEDOM

Jody L. Broaddus, Esq.

JLB/hw

# EXHIBIT 5

**Melissa Ward**

| | |
|---|---|
| **From:** | JOSEPH POPOLIZIO |
| **Sent:** | Thursday, February 25, 2021 7:01 AM |
| **To:** | JAMES OSBORNE |
| **Cc:** | Ian Beck; Julie Wanner; Melissa Ward |
| **Subject:** | Fwd: Wheatcroft v. Glendale, et. al. |

Sent from my iPhone

Begin forwarded message:

> **From:** Jody Broaddus <jody@attorneysforfreedom.com>
> **Date:** February 24, 2021 at 11:18:28 AM MST
> **To:** JOSEPH POPOLIZIO <Jpopolizio@jshfirm.com>
> **Cc:** Ian Beck <IBeck@jshfirm.com>, Heather Wilson <heather@attorneysforfreedom.com>, Julie Wanner
> <JWanner@jshfirm.com>
> **Subject: Wheatcroft v. Glendale, et. al.**

Joe,

With regard to my letters dated January 20 and February 1, we have not received any information for separate counsel for Schneider, Fernandez, and Lindsay. Also, the deadline for settlement talks in this case is March 26, 2021. As you know, the Plaintiffs have made several attempts to try to resolve this matter since July of 2018, but with no response or reciprocal efforts by the Defendants in any manner. Thus, I am concerned about the futility of informal settlement discussions without an independent mediator or settlement judge. Therefore, please let me know if you would be in agreement to a mediator or settlement judge to assist in this matter. If not, please provide me with date that we can engage in settlement talks before the March 26, 2021 deadline. Also, please confirm that Schneider, Fernandez, and Lindsay have separate legal counsel for the settlement discussions due to the conflicts.

Best regards,

*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

# EXHIBIT 6

| | |
|---|---|
| **From:** | Jody Broaddus |
| **To:** | JOSEPH POPOLIZIO |
| **Cc:** | Ian Beck; Heather Wilson; Julie Wanner; Justin Ackerman |
| **Subject:** | RE: Wheatcroft v. Glendale, et. al. |
| **Date:** | Thursday, March 04, 2021 8:08:03 AM |

Joe,

Your email below claims you wrote me twice regarding the conflict issue. However, we only received one letter which was dated 1/29/2021, and I sent a response to that letter on 2/1/21, but did not receive any response until you responded to my 2/24/21 on 3/1/21. To date, you have continued to refuse to provide separate counsel due to the conflict. Also, as pointed out in my email below, we requested the officers each have separate counsel for the settlement conference due to the conflict. In addition to settlement matters, there are evidentiary matters that highly conflict with the City of Glendale that we want to discuss with the officers. We have been asking for contact info for separate counsel since January, but to no avail. Therefore, given the nature of the conflict between each officer and the City of Glendale as to the matters we wish to discuss with each officer, and based on the advice of ethic's counsel, we will proceed with a motion with the court on this issue. The availability of a mediator may be an issue given the 3/26 deadline. Also, I think we need a mediator who is knowledgeable about civil rights claims. For example, Steve Scott conducted a mediation on one my civil rights cases in the past, but he admittedly was not well versed on civil rights claims which made settlement efforts very difficult. We are reaching out to potential mediators as to availability and will provide you with those names of persons who can fit within the time limitation. Meanwhile, please provide me with names of those you think would be good for this case and would be able to conduct a mediation by the 3/26 deadline.

Finally, I do not think running up attorneys' fees and costs to file summary judgment motions is necessary before complying with the Court's 3/26 deadline to complete the settlement conference, as I believe each side is well versed on the issues and the evidence. Further, I highly question the propriety of summary judgment motions given the nature of the claims and the evidence, but we can address that issue if and when the time comes. Based on my experiences over the past 20 years of practice, I have come across numerous situations where attorneys feel the need to file summary judgment motions regardless of the existence of questions of fact that would preclude summary judgment. I don't know if they were just trying to unnecessarily run up their clients' bill, increase work for opposing counsel at the expense of judicial resources, or they just think that they are supposed to do so regardless of the evidence.

Best regards,

Jody L. Broaddus

Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

**From:** JOSEPH POPOLIZIO
**Sent:** Monday, March 1, 2021 7:44 PM
**To:** Jody Broaddus
**Cc:** Ian Beck ; Heather Wilson ; Julie Wanner ; Justin Ackerman
**Subject:** RE: Wheatcroft v. Glendale, et. al.

Dear Jody,

I hope this email finds you and yours doing well.

Plaintiffs certainly have made demands contained in Notices of Claim and the withdrawn Offer of Judgment. Over time, Plaintiffs increased their demands for settlement contained in the Notices of Claim, from the initial Notice from prior counsel, the first Notice that you sent, and then the Notice that included the claims of the minor children. I also recognize the stipulated dismissal as an effort towards the resolution of this case, as it eliminated all of Anya Chapman's claims and, therefore, her multi-million demand for settlement.

In addition, Plaintiffs' demands have been very high, despite the realities that discovery has revealed. Moreover, without the testimony of Anya Chapman, who you were unable to find and with whom you were unable to communicate, even when she was your client and a Plaintiff, the evaluation of this matter was certainly difficult, if not impossible. Now that her deposition has finally occurred, despite repeated efforts of Defendants to depose her, that piece of the puzzle has been addressed. The same goes for Johnny Wheatcroft's deposition, which was, as you are well aware, delayed due to his incarceration and Covid-19 restrictions imposed by the ADCRR which required the issuing of a Writ of Habeas Corpus ad Testificandum to override. Both of these depositions have occurred within the last 1.5 months. As a result of these

depositions and those previously taken, we now have the lay of the land for dispositive motion and settlement evaluation purposes.

In reference to your previous letters, please recall that I have twice written you with regard to the issue of what you claimed to be the basis of my alleged disqualification. I was explicit and sincere in my request for you to define this claimed disqualification issue in writing; you refused to do so. From this email, I believe that settlement negotiations is what you believe to present the issue; if that was the case, then why didn't you just say so? Clarity of this issue and your position are all that I request. And my request is reasonable. If you disagree, please tell me why you disagree. With regard to the request for prospective identification of counsel, I will get back to you on that issue.

In the meantime, I do believe that a private mediator is necessary to facilitate settlement discussions in this matter given the complexity and number of claims presented, and the amount of Plaintiffs' demand given the evidence presented and discovered during this action. In addition, holding the mediation after the summary judgment deadline would certainly assist the mediator and the parties to assess the claims that remain and the potential for success on those claims, or lack thereof. Please let me know who you would suggest to mediate this matter. I will also think of potential mediators and share them with you, as well.

Please know that I will be tied up most of the day tomorrow, just in case you try to reach me by phone or email.

Nevertheless, I look forward to hearing from you. In the meantime, have a nice night, a great day tomorrow, and stay healthy and safe.

Sincerely,

Joe

---

**From:** Jody Broaddus [mailto:jody@attorneysforfreedom.com]
**Sent:** Wednesday, February 24, 2021 11:18 AM
**To:** JOSEPH POPOLIZIO
**Cc:** Ian Beck; Heather Wilson; Julie Wanner
**Subject:** Wheatcroft v. Glendale, et. al.

Joe,

With regard to my letters dated January 20 and February 1, we have not received any information for separate counsel for Schneider, Fernandez, and Lindsay. Also, the deadline for settlement talks in this case is March 26, 2021. As you know, the Plaintiffs have made several attempts to try to resolve this matter since July of 2018, but with no response or reciprocal efforts by the Defendants in any manner. Thus, I am concerned about the futility of informal settlement discussions without an independent mediator or settlement judge. Therefore, please let me know if you would be in

agreement to a mediator or settlement judge to assist in this matter. If not, please provide me with date that we can engage in settlement talks before the March 26, 2021 deadline. Also, please confirm that Schneider, Fernandez, and Lindsay have separate legal counsel for the settlement discussions due to the conflicts.

Best regards,

# Jody L. Broaddus

Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 7

**Melissa Ward**

| | |
|---|---|
| **From:** | JOSEPH POPOLIZIO |
| **Sent:** | Monday, March 01, 2021 7:44 PM |
| **To:** | Jody Broaddus |
| **Cc:** | Ian Beck; Heather Wilson; Julie Wanner; Justin Ackerman |
| **Subject:** | RE: Wheatcroft v. Glendale, et. al. |

| | |
|---|---|
| **Categories:** | (20106-00010) |

Dear Jody,

I hope this email finds you and yours doing well.

Plaintiffs certainly have made demands contained in Notices of Claim and the withdrawn Offer of Judgment. Over time, Plaintiffs increased their demands for settlement contained in the Notices of Claim, from the initial Notice from prior counsel, the first Notice that you sent, and then the Notice that included the claims of the minor children. I also recognize the stipulated dismissal as an effort towards the resolution of this case, as it eliminated all of Anya Chapman's claims and, therefore, her multi-million demand for settlement.

In addition, Plaintiffs' demands have been very high, despite the realities that discovery has revealed. Moreover, without the testimony of Anya Chapman, who you were unable to find and with whom you were unable to communicate, even when she was your client and a Plaintiff, the evaluation of this matter was certainly difficult, if not impossible. Now that her deposition has finally occurred, despite repeated efforts of Defendants to depose her, that piece of the puzzle has been addressed. The same goes for Johnny Wheatcroft's deposition, which was, as you are well aware, delayed due to his incarceration and Covid-19 restrictions imposed by the ADCRR which required the issuing of a Writ of Habeas Corpus ad Testificandum to override. Both of these depositions have occurred within the last 1.5 months. As a result of these depositions and those previously taken, we now have the lay of the land for dispositive motion and settlement evaluation purposes.

In reference to your previous letters, please recall that I have twice written you with regard to the issue of what you claimed to be the basis of my alleged disqualification. I was explicit and sincere in my request for you to define this claimed disqualification issue in writing; you refused to do so. From this email, I believe that settlement negotiations is what you believe to present the issue; if that was the case, then why didn't you just say so? Clarity of this issue and your position are all that I request. And my request is reasonable. If you disagree, please tell me why you disagree. With regard to the request for prospective identification of counsel, I will get back to you on that issue.

In the meantime, I do believe that a private mediator is necessary to facilitate settlement discussions in this matter given the complexity and number of claims presented, and the amount of Plaintiffs' demand given the evidence presented and discovered during this action. In addition, holding the mediation after the summary judgment deadline would certainly assist the mediator and the parties to assess the claims that remain and the potential for success on those claims, or lack thereof. Please let me know who you would suggest to mediate this matter. I will also think of potential mediators and share them with you, as well.

Please know that I will be tied up most of the day tomorrow, just in case you try to reach me by phone or email.

Nevertheless, I look forward to hearing from you. In the meantime, have a nice night, a great day tomorrow, and stay healthy and safe.

Sincerely,

Joe

---

**From:** Jody Broaddus [mailto:jody@attorneysforfreedom.com]
**Sent:** Wednesday, February 24, 2021 11:18 AM
**To:** JOSEPH POPOLIZIO
**Cc:** Ian Beck; Heather Wilson; Julie Wanner
**Subject:** Wheatcroft v. Glendale, et. al.

Joe,

With regard to my letters dated January 20 and February 1, we have not received any information for separate counsel for Schneider, Fernandez, and Lindsay. Also, the deadline for settlement talks in this case is March 26, 2021. As you know, the Plaintiffs have made several attempts to try to resolve this matter since July of 2018, but with no response or reciprocal efforts by the Defendants in any manner. Thus, I am concerned about the futility of informal settlement discussions without an independent mediator or settlement judge. Therefore, please let me know if you would be in agreement to a mediator or settlement judge to assist in this matter. If not, please provide me with date that we can engage in settlement talks before the March 26, 2021 deadline. Also, please confirm that Schneider, Fernandez, and Lindsay have separate legal counsel for the settlement discussions due to the conflicts.

Best regards,
*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

# EXHIBIT 8



JOSEPH J. POPOLIZIO*
TELEPHONE: (602) 263-1741
FAX: (602) 200-7876
E-MAIL: JPOPOLIZIO@JSHFIRM.COM

*ALSO ADMITTED IN CONNECTICUT
   AND WASHINGTON, D.C.

40 NORTH CENTRAL AVENUE
SUITE 2700
PHOENIX, ARIZONA 85004
PHONE: (602) 263-1700
FAX: (602) 651-7599
WWW.JSHFIRM.COM

WILLIAM R. JONES, JR.  (1939 – 2017)
WILLIAM D. HOLM
ROBERT R. BERK
CRISTINA M. CHAIT
JOHN M. DiCARO
GORDON LEWIS
KATHLEEN S. ELDER
JEREMY C. JOHNSON
DANIEL O. KING
CHRISTOPHER G. STUART  (Of Counsel)
ELIZABETH A. GILBERT
F. KYLE ROBERTSON
AMELIA A. ESBER
KEITH D. COLLETT
NICOLAS T. MARTINO
CLARISSA B. REIMAN
JOSEPH E. LEVERENCE
JOEL D. BRODFUEHRER
SAMANTHA E. COTE

J. RUSSELL SKELTON
MARK D. ZUKOWSKI
JAMES P. CURRAN
MICHAEL A. LUDWIG
WILLIAM G. CARAVETTA III
RYAN J. McCARTHY
DOUGLAS R. CULLINS
MICHELE MOLINARIO
BRANDI C. BLAIR
PATRICK C. GORMAN
KENNETH L. MOSKOW
ANDREW I. CLARK
JOEL W. HABBERSTAD
RAVI V. PATEL
BRENDAN A. MELANDER
NICOLE M. PREFONTAINE
PETRA L. EMERSON
MICHAEL C. STONE
KATHRYN L. HUNNICUTT

EDWARD G. HOCHULI  (Of Counsel)
GEORGIA A. STATON
STEPHEN A. BULLINGTON
JEFFERSON T. COLLINS
F. RICHARD CANNATA, JR.
J. GARY LINDER
A. BLAKE DeLONG
CHARLES M. CALLAHAN
ASHLEY VILLAVERDE HALVORSON
CHELSEY M. GOLIGHTLY
ALEXANDER R. LaCROIX
DAVID C. POTTS
JOHN M. GREGORY
BRIAN J. RIPPLE
MATTHEW S. BARNEY
EVANN M. WASCHUK
ANNE E. HOLMGREN
MARIAN L. LOGAN
ANNE-GRACE REULE

A. MELVIN McDONALD
MICHAEL E. HENSLEY
JAMES J. OSBORNE
DAVID S. COHEN
MICHAEL W. HALVORSON
SANFORD K. GERBER
LORI L. VOEPEL
KEVIN K. BROERMAN
ERIK J. STONE
DIANA J. ELSTON
CLARICE A. SPICKER
JOHN D. LIERMAN
CORY E. TYSZKA
KIMBERLY K. PAGE
ALEJANDRO D. BARRIENTOS
BRIAN I. CUEVAS
MATTHEW B. BALTIERRA
ALEXIS N. TINUCCI
CAMILLA B. PORTER

DONALD L. MYLES, JR.
JOHN T. MASTERSON
EILEEN DENNIS GILBRIDE
PHILLIP H. STANFIELD
JOSEPH J. POPOLIZIO
DONN C. ALEXANDER
JOSHUA M. SNELL
DAVID L. STOUT, JR.
R. CHRISTOPHER PIERCE
JONATHAN P. BARNES
JOHN A. KLECAN  (Of Counsel)
JUSTIN M. ACKERMAN
ERICA J. SPURLOCK
DEREK R. GRAFFIOUS
STEPHEN F. BEST
IAN C. BECK
ANNELISE M. DOMINGUEZ
JOSHUA F. DUNFORD
KRISTIN W. BASHA

March 5, 2021

**<u>Via Email Only</u>**
Jody L. Broaddus, Esq.
Attorneys For Freedom
3185 South Price Road
Chandler, AZ 85248

Re:   *Johnny Wheatcroft, et al. v. City of Glendale, et al.*
        United States District Court Case No. 2:18-cv-02347-MTL

Dear Jody:

I hope this letter finds you and yours well and staying safe and healthy.

In response to your March 4, 2021 email, you have neither articulated the "evidentiary matters" which you claim create a "non-waivable conflict" requiring my withdrawal, nor the "non-waivable conflict" itself, despite my requests. Rather, you have essentially told me that you want to remove me to have access to my clients without me. Therefore, since you have failed to provide the requested explanation and have indicated that you will be filing a motion to disqualify me, I will await your motion and then respond. Please note, that I am compelled to tell you that if, after review, your motion appears to be frivolous, I will seek sanctions associated with responding to the motion, including time spent attempting to

# JONES, SKELTON & HOCHULI, P.L.C.

Page 2

determine the basis of this undefined non-waivable conflict and the undefined evidentiary matters from which it supposedly stems.

In addition, pursuant to the Court's Order, March 26, 2021 is both the deadline for dispositive motions and good faith settlement talks. I will be filing a Motion for Summary Judgment by that deadline and am willing to engage in settlement talks March 22-26, with my preference at this time being March 24, 2021. Please advise as to your availability.

However, I also share your concern that informal settlement talks would prove futile. Thus, as I have previously indicated, I agree that mediation with a private mediator is necessary. In any event, mediation will not occur before the dispositive motion deadline, although I thank you for your recent efforts to arrange mediation. While you may "highly question the propriety of summary judgment motions" in this case, I respectfully disagree. Defendants' prospective Motion for Summary Judgment is not only proper, but it will play a vital role in educating any mediator and, frankly, the parties in their analysis of the claims and defenses presented in this action.

Nevertheless, after the dispositive Motion deadline and, preferably, after the Motion is fully briefed, I am not opposed to proceeding to mediation with Judge Skelly. However, this case is one that will require a full day of mediation given the number and complexity of issues. The prospective viewing of video would alone extend the time necessary for mediation beyond one-half day. As for other mediators in addition Judge Skelly, Craig Phillips and David Damron are also acceptable. Both are knowledgeable regarding 42 U.S.C. Section 1983, and I am informed that Mr. Damron actually has tried law enforcement civil rights cases while in practice.

Jody, I look forward to your response and the opportunity to respond to the motion you intend to file. In the meantime, enjoy your weekend and stay safe and healthy!

Sincerely,

Joseph J. Popolizio
For the Firm

JJP/mw

# EXHIBIT 9

| | |
|---|---|
| **From:** | Jody Broaddus |
| **To:** | Julie Wanner; Heather Wilson |
| **Cc:** | JOSEPH POPOLIZIO |
| **Subject:** | RE: Wheatcroft |
| **Date:** | Monday, March 08, 2021 5:40:30 PM |
| **Attachments:** | image003.png |

Joe,

We intend to make offers to the officers separately, and we do not want the officers to know the offers made to the other officers.  Further, we do not want Glendale to know the offers made to each officer.  Moreover, the offers we intend to make create a conflict between the officers and Glendale.  Therefore, please ensure each officer has separate counsel for the settlement talks.

Best regards,

*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

**From:** Julie Wanner <JWanner@JSHFIRM.COM>
**Sent:** Monday, March 8, 2021 9:46 AM
**To:** Heather Wilson <heather@attorneysforfreedom.com>
**Cc:** Jody Broaddus <jody@attorneysforfreedom.com>; JOSEPH POPOLIZIO <Jpopolizio@JSHFIRM.com>
**Subject:** RE: Wheatcroft

Heather-

I spoke to Joe and he is available at 10:00 on March 24th for good faith settlement negotiations.

Julie



**JULIE WANNER** | Paralegal

Jones, Skelton & Hochuli, P.L.C.

40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004

**P** (602) 235-7175 | **F** (602) 651-7515

**website** | **vCard** | **map** | **email** | **linkedin** | **facebook** | **twitter**

---

**From:** Heather Wilson [mailto:heather@attorneysforfreedom.com]
**Sent:** Friday, March 05, 2021 4:31 PM
**To:** Julie Wanner
**Cc:** Jody Broaddus
**Subject:** Wheatcroft

Julie,

Please let me know what time Joe is available on the 24th. I am trying to line up some times with Jody's calendar for that day.

Thank you,

**Heather Wilson**
Civil Litigation Paralegal
Attorneys For Freedom Law Firm
Heather@attorneysforfreedom.com
(480) 755-7110 - Office | (480) 455-5221 - Direct

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or The Attorneys For Freedom Law Firm at (480) 455-5233 immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 10

**Melissa Ward**

| | |
|---|---|
| **From:** | JOSEPH POPOLIZIO |
| **Sent:** | Tuesday, March 09, 2021 10:04 AM |
| **To:** | Jody Broaddus; Heather Wilson |
| **Cc:** | Justin Ackerman; Ian Beck; Melissa Ward; Julie Wanner |
| **Subject:** | RE: Wheatcroft |
| | |
| **Categories:** | (20106-00010) |

Good morning Jody,

Respectfully, your desire to make separate settlement offers is not close to a viable reason for forcing me to withdraw from my representation of all clients. You are free to make whatever settlement offers you want; however, you cannot force me to withdraw because of your settlement strategy. You have not cited any authority for your arguments in that regard, either.

As I have previously stated, you of course can file a motion to disqualify my firm. If you do file one, I will respond, and I am reserving the right to, and giving you fair notice that I will, seek a sanction of attorney fees for responding to the motion. I also am advising you that I intend to proceed in the best interests of my clients under the current case deadlines.

I look forward to seeing you tomorrow at Bake McClelland's deposition. In the meantime, have a nice day and stay safe and healthy.

Sincerely,

Joe

---

**From:** Jody Broaddus [mailto:jody@attorneysforfreedom.com]
**Sent:** Monday, March 08, 2021 5:40 PM
**To:** Julie Wanner; Heather Wilson
**Cc:** JOSEPH POPOLIZIO
**Subject:** RE: Wheatcroft

Joe,

We intend to make offers to the officers separately, and we do not want the officers to know the offers made to the other officers. Further, we do not want Glendale to know the offers made to each officer. Moreover, the offers we intend to make create a conflict between the officers and Glendale. Therefore, please ensure each officer has separate counsel for the settlement talks.

Best regards,

*Jody L. Broaddus*

Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

**From:** Julie Wanner <JWanner@JSHFIRM.COM>
**Sent:** Monday, March 8, 2021 9:46 AM
**To:** Heather Wilson <heather@attorneysforfreedom.com>
**Cc:** Jody Broaddus <jody@attorneysforfreedom.com>; JOSEPH POPOLIZIO <Jpopolizio@JSHFIRM.com>
**Subject:** RE: Wheatcroft

Heather-

I spoke to Joe and he is available at 10:00 on March 24th for good faith settlement negotiations.

Julie



**JULIE WANNER** | Paralegal
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** (602) 235-7175 | **F** (602) 651-7515

website | vCard | map | email | linkedin | facebook | twitter

**From:** Heather Wilson [mailto:heather@attorneysforfreedom.com]
**Sent:** Friday, March 05, 2021 4:31 PM
**To:** Julie Wanner
**Cc:** Jody Broaddus
**Subject:** Wheatcroft

Julie,

Please let me know what time Joe is available on the 24th. I am trying to line up some times with Jody's calendar for that day.

Thank you,

**Heather Wilson**
Civil Litigation Paralegal
Attorneys For Freedom Law Firm
Heather@attorneysforfreedom.com
(480) 755-7110 - Office | (480) 455-5221 - Direct



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or The Attorneys For Freedom Law Firm at (480) 455-5233 immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 11

# Melissa Ward

| | |
|---|---|
| **From:** | Jody Broaddus <jody@attorneysforfreedom.com> |
| **Sent:** | Tuesday, March 09, 2021 10:11 AM |
| **To:** | JOSEPH POPOLIZIO; Heather Wilson |
| **Cc:** | Justin Ackerman; Ian Beck; Melissa Ward; Julie Wanner |
| **Subject:** | RE: Wheatcroft |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Joe,

There is an obvious conflict under the ethical rules as to your representation of all the officers and Glendale.   We have consulted with ethics counsel on this issue and have been advised to file a motion with the Court if you are unwilling to provide separate counsel for the officers.  Based on your representations, as well as the conflicts, we will proceed with a motion.

Best regards,

*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

---

**From:** JOSEPH POPOLIZIO <Jpopolizio@JSHFIRM.com>
**Sent:** Tuesday, March 9, 2021 10:04 AM
**To:** Jody Broaddus <jody@attorneysforfreedom.com>; Heather Wilson <heather@attorneysforfreedom.com>
**Cc:** Justin Ackerman <JAckerman@JSHFIRM.COM>; Ian Beck <IBeck@JSHFIRM.COM>; Melissa Ward <MWard@jshfirm.com>; Julie Wanner <JWanner@JSHFIRM.COM>
**Subject:** RE: Wheatcroft

Good morning Jody,

Respectfully, your desire to make separate settlement offers is not close to a viable reason for forcing me to withdraw from my representation of all clients. You are free to make whatever settlement offers you want; however, you cannot force me to withdraw because of your settlement strategy. You have not cited any authority for your arguments in that regard, either.

As I have previously stated, you of course can file a motion to disqualify my firm. If you do file one, I will respond, and I am reserving the right to, and giving you fair notice that I will, seek a sanction of attorney fees for responding to the motion. I also am advising you that I intend to proceed in the best interests of my clients under the current case deadlines.

I look forward to seeing you tomorrow at Bake McClelland's deposition.  In the meantime, have a nice day and stay safe and healthy.

Sincerely,

Joe

---

**From:** Jody Broaddus [mailto:jody@attorneysforfreedom.com]
**Sent:** Monday, March 08, 2021 5:40 PM
**To:** Julie Wanner; Heather Wilson
**Cc:** JOSEPH POPOLIZIO
**Subject:** RE: Wheatcroft

Joe,

We intend to make offers to the officers separately, and we do not want the officers to know the offers made to the other officers.  Further, we do not want Glendale to know the offers made to each officer.  Moreover, the offers we intend to make create a conflict between the officers and Glendale.  Therefore, please ensure each officer has separate counsel for the settlement talks.

Best regards,
*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

**From:** Julie Wanner <JWanner@JSHFIRM.COM>
**Sent:** Monday, March 8, 2021 9:46 AM
**To:** Heather Wilson <heather@attorneysforfreedom.com>
**Cc:** Jody Broaddus <jody@attorneysforfreedom.com>; JOSEPH POPOLIZIO <Jpopolizio@JSHFIRM.com>
**Subject:** RE: Wheatcroft

Heather-

I spoke to Joe and he is available at 10:00 on March 24th for good faith settlement negotiations.

Julie



**JULIE WANNER** | Paralegal
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** (602) 235-7175 | **F** (602) 651-7515
website | vCard | map | email | linkedin | facebook | twitter

**From:** Heather Wilson [mailto:heather@attorneysforfreedom.com]
**Sent:** Friday, March 05, 2021 4:31 PM
**To:** Julie Wanner
**Cc:** Jody Broaddus
**Subject:** Wheatcroft

Julie,

Please let me know what time Joe is available on the 24th. I am trying to line up some times with Jody's calendar for that day.

Thank you,

**Heather Wilson**
Civil Litigation Paralegal

3

Attorneys For Freedom Law Firm
Heather@attorneysforfreedom.com
(480) 755-7110 - Office | (480) 455-5221 - Direct



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or The Attorneys For Freedom Law Firm at (480) 455-5233 immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

# EXHIBIT 12

**Melissa Ward**

| | |
|---|---|
| **From:** | Jody Broaddus <jody@attorneysforfreedom.com> |
| **Sent:** | Tuesday, March 09, 2021 4:21 PM |
| **To:** | JOSEPH POPOLIZIO |
| **Cc:** | Justin Ackerman; Ian Beck; Melissa Ward; Julie Wanner; Heather Wilson |
| **Subject:** | RE: Wheatcroft |
| **Attachments:** | Mt Re Non-Waivable Conflict.docx |

Joe,

Attached is the Motion we intend to file tomorrow regarding the non-waivable conflict issue.  Before filing it, I am requesting once again that you agree to provide separate counsel for discussions with the individually named defendants.

Best regards,

*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

**From:** Jody Broaddus
**Sent:** Tuesday, March 9, 2021 10:11 AM
**To:** JOSEPH POPOLIZIO <Jpopolizio@JSHFirm.com>; Heather Wilson <heather@attorneysforfreedom.com>
**Cc:** Justin Ackerman <JAckerman@JSHFIRM.COM>; Ian Beck <IBeck@JSHFIRM.COM>; Melissa Ward <MWard@jshfirm.com>; Julie Wanner <JWanner@JSHFIRM.COM>
**Subject:** RE: Wheatcroft

Joe,

There is an obvious conflict under the ethical rules as to your representation of all the officers and Glendale.   We have consulted with ethics counsel on this issue and have been advised to file a motion with the Court if you are unwilling to

provide separate counsel for the officers.  Based on your representations, as well as the conflicts, we will proceed with a motion.

Best regards,

*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

---

**From:** JOSEPH POPOLIZIO <Jpopolizio@JSHFIRM.com>
**Sent:** Tuesday, March 9, 2021 10:04 AM
**To:** Jody Broaddus <jody@attorneysforfreedom.com>; Heather Wilson <heather@attorneysforfreedom.com>
**Cc:** Justin Ackerman <JAckerman@JSHFIRM.COM>; Ian Beck <IBeck@JSHFIRM.COM>; Melissa Ward <MWard@jshfirm.com>; Julie Wanner <JWanner@JSHFIRM.COM>
**Subject:** RE: Wheatcroft


Good morning Jody,

Respectfully, your desire to make separate settlement offers is not close to a viable reason for forcing me to withdraw from my representation of all clients. You are free to make whatever settlement offers you want; however, you cannot force me to withdraw because of your settlement strategy. You have not cited any authority for your arguments in that regard, either.

As I have previously stated, you of course can file a motion to disqualify my firm. If you do file one, I will respond, and I am reserving the right to, and giving you fair notice that I will, seek a sanction of attorney fees for responding to the motion. I also am advising you that I intend to proceed in the best interests of my clients under the current case deadlines.

I look forward to seeing you tomorrow at Bake McClelland's deposition.  In the meantime, have a nice day and stay safe and healthy.

Sincerely,

Joe

---

**From:** Jody Broaddus [mailto:jody@attorneysforfreedom.com]
**Sent:** Monday, March 08, 2021 5:40 PM
**To:** Julie Wanner; Heather Wilson
**Cc:** JOSEPH POPOLIZIO
**Subject:** RE: Wheatcroft

Joe,

We intend to make offers to the officers separately, and we do not want the officers to know the offers made to the other officers.  Further, we do not want Glendale to know the offers made to each officer.  Moreover, the offers we intend to make create a conflict between the officers and Glendale.  Therefore, please ensure each officer has separate counsel for the settlement talks.

Best regards,
*Jody L. Broaddus*
Partner and Supervising Civil Attorney



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or Attorneys for Freedom Law Firm at (480) 755-7110, immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

---

**From:** Julie Wanner <JWanner@JSHFIRM.COM>
**Sent:** Monday, March 8, 2021 9:46 AM
**To:** Heather Wilson <heather@attorneysforfreedom.com>
**Cc:** Jody Broaddus <jody@attorneysforfreedom.com>; JOSEPH POPOLIZIO <Jpopolizio@JSHFIRM.com>
**Subject:** RE: Wheatcroft

Heather-

I spoke to Joe and he is available at 10:00 on March 24th for good faith settlement negotiations.

Julie



**JULIE WANNER** | Paralegal
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700 | Phoenix, AZ 85004
**P** (602) 235-7175 | **F** (602) 651-7515

website | vCard | map | email | linkedin | facebook | twitter

---

**From:** Heather Wilson [mailto:heather@attorneysforfreedom.com]
**Sent:** Friday, March 05, 2021 4:31 PM
**To:** Julie Wanner
**Cc:** Jody Broaddus
**Subject:** Wheatcroft

Julie,

Please let me know what time Joe is available on the 24th. I am trying to line up some times with Jody's calendar for that day.

Thank you,

**Heather Wilson**
Civil Litigation Paralegal
Attorneys For Freedom Law Firm
Heather@attorneysforfreedom.com
(480) 755-7110 - Office | (480) 455-5221 - Direct



The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or The Attorneys For Freedom Law Firm at (480) 455-5233 immediately by telephone or by return e-mail and delete this message, along with any attachments, from your computer. Thank you.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or

privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

This electronic mail transmission contains information from the law firm Jones, Skelton & Hochuli, P.L.C. that may be confidential or privileged. Such information is solely for the intended recipient, and use by any other party is not authorized. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of this message, its contents or any attachments is prohibited. Any wrongful interception of this message is punishable as a Federal Crime. Although this e-mail and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by the sender for any loss or damage arising in any way from its use. If you have received this message in error, please notify the sender immediately by telephone (602) 263-1700. Thank you.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.