**Marc J. Victor, SBN 016064**
**Jody L. Broaddus, SBN 020122**
ATTORNEYS FOR FREEDOM
3185 South Price Road
Chandler, Arizona 85248
Phone: (480) 755-7110
Fax: (480) 857-0150
Marc@AttorneysForFreedom.com
Jody@AttorneysForFreedom.com
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft and Anya Chapman, as husband and wife, and on behalf of minors J. W. and B. W., <br><br> Plaintiffs, <br><br> v. <br><br> City of Glendale, a municipal entity; Matt Schneider, in his official and individual capacities; Mark Lindsey, in his official and individual capacities; and Michael Fernandez, in his official and individual capacities; <br><br> Defendants. | Case No.: 2:18-cv-02347-SMB <br><br> **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION REGARDING THE CONFLICT OF INTEREST AMONG DEFENDANTS** |

Plaintiff Johnny Wheatcroft, individually, and on behalf of minors J.W. and B.W. (collectively, "Plaintiffs"), respectfully submit this reply to the motion seeking the Court's assistance in connection with conflicts of interest among the Defendants which are represented by the same counsel.

**ARGUMENT**

Contrary to Defendants' position, Plaintiffs are not moving to disqualify defense counsel in this matter at this time. However, if the individual Defendants are not afforded separate counsel

for purposes of settlement discussions, defense counsel will be put into a position that creates a non-waivable conflict that would result in disqualification as to all Defendants, which would likely result in a delay in this matter.

With the approaching deadline for settlement talks, Plaintiffs are seeking the Court's guidance and assistance given the nature of non-waivable conflicts that would exist if defense counsel is exposed to positions that would materially limit his ability to advise, recommend, or carry out an action for one client that may not be in the best interest of another client.  Such exposure would subject defense counsel to a complete disqualification as to all Defendants, which would likely cause a delay in this matter.

Plaintiffs have made numerous attempts to try to resolve this matter since July of 2018, but with absolutely no reciprocal efforts by the Defendants in any manner whatsoever.  The deadline for settlement talks in this case is March 26, 2021, and the parties are scheduled to engage in settlement talks on March 24, 2021.  To avoid futility of informal settlement discussions, separate counsel for the individuals would assist in settlement talks and likely result in resolution of some, if not all, of the claims in this matter.

The individual Defendants have personal exposure in this matter, especially given that they are represented under a reservation of rights and subject to an adverse award for punitive damages. Defendant Glendale is not subject to punitive damages and, therefore, it does not have personal exposure to a punitive damage award.  Further, Defendant Glendale is self-insured up to a certain amount, and it is covered by insurance without any reservation of rights.

Defendant Schneider is under investigation by Arizona and Federal agencies, which may result in criminal charges for which Plaintiffs would be allowed to assert rights as victims.  Under Arizona law, a governmental entity is not vicariously liable for certain criminal acts of its employees. Thus, Defendant Glendale may benefit from a criminal conviction of Defendant Schneider.  Further, as victims in any potential criminal proceedings, Plaintiffs would be able to

seek restitution, which opens the door to alternative avenues for collection and may put Defendant Schneider's retirement or pension funds at risk. Given Schneider is being represented under a reservation of rights, subject to personal exposure and punitive damages in this lawsuit, and at a risk of restitution in the criminal proceedings, Defendant Schneider's interests to protect himself and his family create settlement options not available to, and in direct conflict with, Defendant Glendale.

Since the individual Defendants likely have information that would be adverse to the other individual Defendants as well as to Defendant Glendale, and given their personal exposure, the individual Defendants have interests that open the door to alternative settlement options that would directly conflict with Defendant Glendale. Further, certain Defendants may be willing to resolve their claims, which may be to the detriment of the other Defendants. Indeed, the potential resolution by some of the Defendants may be in their personal best interests but increase the exposure to the other Defendants. Thus, defense counsel would be materially limited in his ability to advise, recommend, or carry out an action for one client that may not be in the best interest of another client during settlement discussions.

Plaintiffs are trying to avoid disqualification as it would be likely to delay this matter. Settlement discussions may not resolve this matter, especially given Defendants' refusal to engage in any settlement talks for over two and half years. If no settlement is reached, a non-waivable conflict may not exist, which may potentially prevent disqualification and avoid a delay in this matter. Therefore, to avoid any delays and potential disqualification, separate counsel is necessary for the individual Defendants.

**CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully seek the Court's guidance and request an Order requiring separate counsel be afforded to the individually named Defendants due to non-waivable conflicts.

RESPECTFULLY SUBMITTED this 17th day of March, 2021.

ATTORNEYS FOR FREEDOM

By: */s/ Jody L. Broaddus*
Jody L. Broaddus, Esq.
Marc J. Victor, Esq.
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2021, I electronically transmitted the foregoing to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants to:

Joseph J. Popolizio
Ian C. Beck
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004

By: */s/Heather Wilson*
Heather Wilson