IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft,<br><br>              Plaintiff,<br><br>v.<br><br>City of Glendale, et al.,<br><br>              Defendants. | No. CV-18-02347-PHX-MTL<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion Regarding the Conflict of Interest Among Defendants (the "Motion") (Doc. 233). Plaintiffs contend that they wish to discuss "potential settlement and evidentiary issues" with certain individual defendants. (Doc. 233 at 3.) Plaintiffs argue that the nature of those discussions would create non-waivable conflicts between Defendants who are represented by the same counsel. (*Id.* at 3–5.) Plaintiffs therefore request that the Court issue an order requiring that separate counsel be appointed to the individually named defendants. (Doc. 238 at 3.) Defendants respond to this request by pointing out that Plaintiffs have failed to articulate the potential conflict of interest. (Doc. 237 at 2–3.) Defendants argue that Plaintiffs have no standing to seek disqualification and, in any event, presenting multiple settlement offers to co-defendants would not create a concurrent conflict. (*Id.* at 5–10.) Defendants request fees and costs as a sanction under Rule 11 of the Federal Rules of Civil Procedure for drafting a response. (*Id.* at 11.)

The moving party has the burden of proof in this context to prove a potential

conflict of interest or disqualification. *See Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.,* 760 F.2d 1045, 1050 (9th Cir. 1985). While identifying a perceived problem concerning a potential conflict of interest, Plaintiff does not convincingly articulate that the Court has authority to order that the individual defendants engage separate counsel for the limited purpose of negotiating settlement. Plaintiffs have failed to carry their burden. Accordingly,

**IT IS ORDERED denying** Plaintiffs' Motion Regarding the Conflict of Interest Among Defendants (Doc. 233).

**IT IS FURTHER ORDERED denying** Defendants' request for fees and costs incurred in drafting the response.

Dated this 17th day of March, 2021.

Michael T. Liburdi
United States District Judge