**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>City of Glendale, et al.,<br><br>　　　　　　Defendants. | No. CV-18-02347-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Preclude Plaintiffs' Rebuttal Expert Report (the "Motion") (Doc. 225).* The deadline for Plaintiffs to provide this report was December 11, 2020. (Doc. 178.) Plaintiffs disclosed this report on December 22, 2020. (Doc. 223.)

**I.**

Rule 37 of the Federal Rules of Civil Procedure "authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983) (citation omitted). The district court's discretion has "particularly wide latitude" in the Ninth Circuit. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Rule 37(c)(1) provides that "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to

---

* Although neither party requested oral argument, both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

1  supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially
2  justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 26(a) provides that "[a] party must
3  make these disclosures at the times and in the sequence that the court orders." Fed. R.
4  Civ. P. 26(a)(2)(D). The party facing sanctions bears the burden of proving that its failure
5  to timely disclose the required information was substantially justified or is harmless.
6  *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). A party's
7  failure to timely disclose information is "harmless when there is no prejudice to the party
8  entitled to the disclosure." *Taft v. Am. Family Mut. Ins. Co.*, No. CV-11-2599-PHX-
9  SMM, 2013 WL 5498226, at *3 (D. Ariz. Oct. 1, 2013).

## II.

Defendants argue that Plaintiffs' expert rebuttal report should be excluded because Plaintiffs' untimely disclosed the report. (Doc. 225 at 2.) Defendants state that Plaintiffs disclosed this report on December 22, 2020, which was 11 days after the deadline. (*Id.*) Pointing to Rule 37(c)(1) and this Court's scheduling orders, Defendants conclude that this Court "must exclude the rebuttal expert report." (*Id.*) Plaintiffs concede that they failed to timely provide an expert disclosure as required by Rule 26(a)(2)(D) because of a "calendaring error." (Doc. 230 at 1–2.) Plaintiffs contend that this failure is excusable because the error was harmless, not because the error was substantially justified. (*Id.* at 2.) This disclosure was harmless, Plaintiffs argue, because Defendants were not prejudiced by the report's 11-day delay and the rebuttal expert report did not contain "any new opinions" than previously disclosed. (*Id.* at 3–4.) The Court must therefore determine if Plaintiffs have met their burden to prove that this untimely disclosure was harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

To determine whether a violation is harmless, courts consider the following factors: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Krause v. Cnty. of Mohave*, 459 F. Supp. 3d 1258, 1270 (D. Ariz. 2020). These factors, on balance,

weigh in Plaintiffs favor. Plaintiffs have shown that Defendants were not prejudiced or surprised by this 11-day delay. (Doc. 230 at 3–4.) This rebuttal report contained no new opinions than what Dr. Hynes previously disclosed months earlier. (Doc. 230-3 at 2–42.) The report is consistent with Dr. Hynes' original conclusions and reiterated substantially similar language to his original report. Plaintiffs' untimely disclosure could not have resulted in surprise given that no new information was provided by Dr. Hynes. Given that there was almost three months remaining for Defendants to depose Dr. Hynes on anything in this rebuttal report, there was no prejudice. *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1204 (8th Cir. 2015).

As to the third factor, this 11-day delay caused no disruption at trial because there has not been a trial set in this matter. There is also no evidence that Plaintiffs acted willfully or in bad faith in failing to disclose this report by the deadline. The cases that Defendants' cite to bolster their argument that the rebuttal expert report should be excluded only reinforce that courts have wide discretion in handling these fact-specific issues. (Doc. 231 at 3–5.) For example, in *Krause*, this district found prejudice because a plaintiff's expert "shared fresh conclusions that differed materially from his prior opinions" for the first time in his deposition "months after" the deadline. 459 F. Supp. 3d at 1270. This left the defendants without the opportunity to rebut this expert's new opinions, meaningfully depose this expert on the new opinions, or suitably prepare for this expert's examination. *Id.* The court excluded this untimely expert opinion because the plaintiff did not show that this error was harmless. *Id.* This instant case is nothing like *Krause*. Defendants have not been prejudiced by Plaintiffs' 11-day delay that revealed almost identical information to what Dr. Hynes provided in his original report. Plaintiffs' error was therefore harmless.

This Court admonishes Plaintiffs for missing a deadline that the Court set months before this expert report was due. Although the Court is allowing this untimely report to be used for future purposes, the Court may not be as generous in the future with any untimely disclosures or filings.

**III.**

Accordingly,

**IT IS ORDERED denying** Defendants' Motion to Preclude Plaintiffs' Rebuttal Expert Report (Doc. 225).

Dated this 19th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge