IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>City of Glendale, et al.,<br><br>   Defendants. | No. CV-18-02347-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendants' Unopposed Motion for Enlargement of Page Limitation of Defendants' Motion for Summary Judgment and Associated Statement of Facts (the "Motion"). (Doc. 241.) Defendants seek leave to file a 37-page summary judgment motion and 15-page statement of facts.[*] The Motion states that Defendants' request is justified "given the highly complex factual and legal issues in this matter." (*Id.* at 7.) The Motion further indicates that Plaintiff does not oppose Defendants' request. (*Id.*)

Defendants' request is extraordinary. A 37-page summary judgment motion more than doubles the 17-page limit provided in the Local Rules. LRCiv 7.2(e). And, although Rule 56.1 of the Local Rules has been suspended in many cases, the parties in this matter are permitted to file separate and controverting statements of facts, which inherently affords the parties excess pages to articulate the material facts of the case. That said, the Court is mindful of the complexity and number of legal issues involved in this matter. Plaintiff's Second Amended Complaint alleges eight claims against multiple combinations

---

[*] The parties are advised that the Case Management Order (Doc. 24) governs this dispute.

of Defendants. (Doc. 35.) Many of the alleged claims involve distinct subparts. Defendants also "avow . . . that over the course of ten (10) drafts, they have made *every* conceivable attempt to crystalize their factual and legal arguments." (Doc. 241 at 6 (emphasis in original).) Thus, given the complexity of this case and Plaintiff's lack of opposition, the Court will reluctantly grant the Motion.

In a footnote, Defendants assert that the "Court and the [p]arties should consider a briefing schedule in excess of the deadlines normally afforded . . . so that the parties have sufficient time to fully brief all issues." (Doc. 241 at 7 n.5.) Neither party has proposed a precise briefing schedule or articulated the length of additional time they anticipate needing to brief the issues presented. Thus, the Court will not modify the briefing schedule at this time. The Court will consider and is willing to accommodate reasonable requests for extensions if a motion or stipulation is filed by the parties.

Finally, the Court notes that Defendants' draft motion for summary judgment, attached as Exhibit 1 to the pending Motion, indicates that, pursuant to the Protective Order (Doc. 114), Defendants anticipate filing portions of the summary judgment motion under seal. (Doc. 241–1.) Defendants are reminded that "[n]othing in [the Protective Order] shall be construed as automatically permitting a party to file under seal." (Doc. 114 at 7 n.2.) Rather, "[b]efore any party files any document under seal such party shall seek leave of Court and shall show 'compelling reasons' . . . for filing under seal." (*Id.*)

Accordingly,

**IT IS ORDERED granting** Defendant's Unopposed Motion for Enlargement of Page Limitation of Defendants' Motion for Summary Judgment and Associated Statement of Facts (Doc. 241). Defendants are permitted to file a 37-page summary judgment motion and a 15-page separate statement of facts. Plaintiff is permitted to file a 37-page responsive memorandum and a 15-page controverting statement of facts.

Dated this 24th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge