Joseph J. Popolizio, Bar #017434
Justin M. Ackerman, Bar #030726
Ian C. Beck, Bar #035599
JONES, SKELTON & HOCHULI P.L.C.
40 N. Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1741
Fax: (602) 200-7876
jpopolizio@jshfirm.com
jackerman@jshfirm.com
ibeck@jshfirm.com

Attorneys for Defendants City of Glendale, Matt Schneider, Mark Lindsey, and Michael Fernandez

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft and Anya Chapman, as husband and wife, and on behalf of minors J.W. and B.W., <br><br> Plaintiffs, <br><br> v. <br><br> City of Glendale, a municipal entity; Matt Schneider, in his official and individual capacities; Mark Lindsey, in his official and individual capacities; and Michael Fernandez, in his official and individual capacities, <br><br> Defendants. | No. 2:18-cv-02347-MTL <br><br> **AFFIDAVIT OF JOSEPH J. POPOLIZIO IN SUPPORT OF JOINT SUPPLEMENTAL BRIEF RE: REQUEST TO SEAL VIDEOS** |

STATE OF ARIZONA   )
                   ) ss.
County of Maricopa )

I, Joseph J. Popolizio, hereby declare:

    1.    I am over the age of 18 years and competent to testify to the matters set forth in this Affidavit;

    2.    I represent the Defendants in the above entitled action;

3.       On March 26, 2021, I filed a Motion for Summary Judgment on behalf of Defendants along with a Supporting Statement of Facts in Support of their Motion for Summary Judgement (Docs 245 and 246);

4.       As supporting Exhibits 9, 12, and 13 to Defendants' Statement of Facts, (Doc 246) I filed three videos: Defendant Schneider's Body Worn Camera Video, Defendant Lindsey's Body Worn Camera Video, and the Motel 6 Surveillance Video (the "Videos");

5.       Defendants disclosed these Videos in this lawsuit in their unredacted form in their First Supplemental Mandatory Initial Discovery Responses on January 29, 2019;

6.       Before the disclosure of these Videos in their unredacted form, Defendants contacted Plaintiffs to suggest that the parties enter into a protective order to protect the identities of the minor Plaintiffs, but Plaintiff declined.  As a result, Defendants indicated in a footnote to their First Supplemental Mandatory Initial Discovery Responses, in pertinent part:

> [1]Please note that Defendants offered and Plaintiffs have declined to enter into a protective order to protect the identities of the minor Plaintiffs…Defendants provide this unredacted video footage to Plaintiffs at Plaintiff counsel's request. . .

7.       Thereafter, during a discovery dispute hearing on February 13, 2020, the Court suggested that the parties enter into a global protective order considering the sensitive information in this lawsuit. The Parties agreed with that suggestion, and Defendants drafted a Motion for Protective Order and Proposed Protective Order.  On February 24, 2020, the Court entered a Protective Order pursuant to the Proposed Order (Doc. 114).

8.       After the Court entered the Protective Order (Doc. 114), Defendants marked many disclosed items as "Confidential" pursuant to the Protective Order, but certainly did not have the capability to mark the Videos as "Confidential", and would not alter the Videos if they had that capability either;

9. Nevertheless, Defendants have maintained the Videos as confidential and secret, and have not disclosed these unredacted Videos to the media or the public.

10. Before and throughout this litigation, Defendants have not revealed or otherwise produced these Videos in their unredacted form outside of this action, including disclosure of video in response to Public Records Requests, for which the City of Glendale produced the Videos in redacted form, including the obscuring of the minor Plaintiffs' faces. Defendants' counsel submits, however, that prosecutors obtained unredacted Videos from the City of Glendale.

11. The unredacted Videos that Defendants have provided to the Court are the subject of Defendants' Motion for Leave to File *Under Partial Seal* Defendants' Motion for Summary Judgement, Statement of Facts, and Associated Exhibits (Doc. 247). That Motion seeks to seal the Videos in an attempt to continue to protect the identities and interests of the minor Plaintiffs, J.W. and B.W.;

12. Although Plaintiffs did not initially agree to the protection of these unredacted Videos, I have spoken to counsel for Plaintiffs who has agreed that that the parties should continue to protect the Videos with the same level of confidentiality as they have throughout this lawsuit to protect the interests and identities of the minor Plaintiffs J.W. and B.W., just as Defendants seek to do pursuant to their Motion (Doc. 247).

FURTHER AFFIANT SAYETH NAUGHT.

I declare under penalty of perjury that the foregoing is true and correct to best of my knowledge and belief.

*/s/ Joseph J. Popolizio*
Joseph J. Popolizio

Executed on May 12, 2021.