# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft, et al., | No. CV-18-02347-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Glendale, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion to Preclude Plaintiffs' Twelfth Supplemental Response to the Mandatory Initial Discovery Project ("MIDP") and attached exhibits. The extended deadline for final supplementation of MIDP responses was December 4, 2020. (Doc. 178.) Plaintiffs served their MIDP response on March 5, 2021. (Doc. 232.)

**I.**

The Court has already set forth the standard under Federal Rules of Civil Procedure 26 and 37 for a party's failure to comply with the rules of discovery. (Doc. 240 at 1–2.) *See Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). As relevant here, the party facing sanctions bears the burden of proving that its failure to timely disclose the required information is substantially justified or harmless. *R&R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). A party's failure to timely disclose information is "harmless when there is no prejudice to the party entitled to the disclosure." *Taft v. Am. Family Mut. Ins. Co.*, No. CV-11-2599-PHX-SMM, 2013 WL 5498226, at *3 (D. Ariz. Oct. 1, 2013).

## II.

Plaintiffs served their supplemental MIDP responses more than ninety days after the deadline to do so had passed. (*See* Docs. 178, 232.) Defendants argue they were prejudiced by this late disclosure and conclude "Plaintiffs should be barred from using any of the information contained in their recent supplement and its exhibits." (Doc. 244 at 4.) Plaintiffs do not argue that their late disclosure is harmless, but rather argue that their late disclosure is substantially justified because Defendants did not provide Plaintiffs with responsive information to their requests for production. (Doc. 251 at 3–4.) Plaintiffs contend that though they "broadly sought information to assist in their Monell-based claims," the Defendants did not disclose "highly adverse" information regarding the number of claims made against Glendale's police department. (*Id.*)

Plaintiffs fail to carry their burden to show that the late disclosure is substantially justified. *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Plaintiffs' *Monell* claim has been asserted since July 2018. (Doc. 1 at 17–20.) Plaintiffs had ample time during the discovery window to seek information related to that claim. Though Plaintiffs made a broad request for production, which Defendants objected to, (Doc. 252-1 at 19), Plaintiffs did not challenge those objections with the Court in a discovery dispute and the time to do so has passed. (Doc. 20.)

The Plaintiffs argue that "[t]his is a classic example of the proverbial 'pot calling the kettle black.'" (Doc. 251 at 3.) Plaintiffs cite two supplemental MIDPs they allege that Defendants submitted after the Court's deadline of December 4, 2020: Defendants' Seventeenth and Eighteenth Supplemental MIDP Responses. (*Id.*) But the ECF filings of those supplemental responses reflect a disclosure date of November 24 and December 4, 2020, respectively. (Docs. 202, 209.) Thus, these supplemental disclosures are not late. Regardless, a late disclosure by one party does not justify late disclosure by the other. As such, Plaintiffs' Twelfth MIDP responses and attached exhibits are stricken under Rules 26 and 37. *See* Fed. R. Civ. P. 26, 37.

Moreover, the Court has already admonished Plaintiffs for missing a previous

discovery deadline that the Court set months prior. (Doc. 240 at 3.) The Court's power to control its docket and enforce its rules "includes the power to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate attorney conduct. *See Mazzeo v. Gibbons*, 2010 WL 3910072, *2 (D. Nev. 2010). Late disclosures will no longer be entertained.

### III.

Accordingly,

**IT IS ORDERED granting** Defendants City of Glendale, Matt Schneider, Mark Lindsey, and Michael Fernandez's Motion to Preclude Plaintiff's Twelfth Supplemental Responses to the Mandatory Initial Discovery Project and Additional Exhibits. (Doc. 244.) Plaintiffs may not use any of these documents at trial nor rely on them in their response to Defendants' motion for summary judgment. Fed. R. Civ. P. 37.

Dated this 26th day of October, 2021.

Michael T. Liburdi
United States District Judge