1  **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9  Johnny Wheatcroft,                          No. CV-18-02347-PHX-MTL

10                  Plaintiff,               **ORDER**

11  v.

12  City of Glendale, et al.,

13                  Defendants.

14

15         Before the Court is Defendant Officer Michael Fernandez Motion for

16  Reconsideration (Doc. 299) of this Court's Order denying summary judgment (Doc. 294).

17  Per the Court's request, Plaintiffs Johnny Wheatcroft and minors J.W. and B.W have

18  filed a response in opposition.  (Doc. 307.)  Upon reconsideration, the Court grants in

19  part and denies in part the motion.

20                              **I.**

21         The Court previously set forth this case's background in detail.  (Doc. 294 at 1–5.)

22  Defendants Officers Michael Fernandez, Matt Schneider and Mark Lindsey as well as the

23  City of Glendale moved for summary judgment on all of Plaintiffs' counts against them.

24  (Docs. 245 and 274.)   The Court's summary judgment order addressed many issues,

25  including denying Defendants' motion as to Plaintiffs' claims for excessive force and

26  civil rights violations.   (Doc. 294 at 40.)   The Court also implicitly denied Officer

27  Fernandez's qualified immunity claim.  (*Id.* at 13–15; 24–26.)

28  ///

**II.**

A district court has discretion to reconsider and amend prior orders. Fed. R. Civ. P. 54(b).  Motions for reconsideration are generally disfavored and should be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the court's] attention earlier with reasonable diligence." LRCiv. 7.2(g).  Additionally, "[m]otions for reconsideration are disfavored . . . and are not the place for parties to make new arguments not raised in their original briefs.  Nor is reconsideration to be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (cleaned up).

**III.**

Officer Fernandez asserts he made a reasonable mistake of fact regarding who knocked Officer Lindsey unconscious—because Officer Fernandez believed that Wheatcroft struck Officer Lindsey, he deployed his Taser one time, which was objectively reasonable under those circumstances.  (Doc. 299 at 3–4.)

First, Officer Fernandez contends the uncontested facts show he made a mistake of fact regarding who struck Officer Lindsey.  After Officer Fernandez arrived on the scene, he approached the drivers' side of the vehicle while Officers Lindsey and Schneider were talking with Wheatcroft on the passengers' side.  (Docs. 246 at ¶¶ 47–48, Doc. 261 at ¶¶ 47–48.)  Then, Anya Chapman swung a grocery bag full of soda cans and struck Officer Lindsey, knocking him unconscious for several minutes.  (*See* Lindsey Body Cam at 3:19–4:08; Doc. 2446-1 at 146, 114.)  After Officer Lindsey was struck, Officer Fernandez came around to the passengers' side of the vehicle to assist Officer Schneider. (Docs. 246 at ¶ 64, Doc, 261 at ¶ 64.)  Officer Fernandez testified at his deposition that he "initially" assumed that Wheatcroft was the person that struck Officer Lindsey.  (Doc. 246-1 at 172.)  Then, he later testified at his deposition that he "blame[d] Ms. Chapman for Officer Lindsey getting knocked out."  (Doc. 261-2 at 27.)  Accordingly, Officer Fernandez asserts he made a mistake of fact regarding who struck Officer Lindsey.  (Doc.

1   299 at 3.)   Plaintiffs dispute that Officer Fernandez thought Wheatcroft struck Officer

2   Lindsey.   (Doc. 261 at ¶ 66.)   But Plaintiffs' only support for this assertion is Officer

3   Fernandez's post-hoc assignment of blame.   (*See id.*, citing Doc. 261-2 at 27.)

4   Accordingly, the Court concludes that this is not a material disputed fact, and in the

5   moment, Officer Fernandez believed Wheatcroft struck Officer Lindsey.   Based on

6   Officer Fernandez's position on the drivers' side of the car, then walking around the car

7   to see Officer Lindsey unconscious on the ground with Officer Schneider trying to detain

8   Wheatcroft, the Court concludes this was a reasonable mistake of fact.

9   To assess whether Officer Fernandez is entitled to qualified immunity, the Court

10   must apply a two-step framework: whether the facts as shown by plaintiff state a

11   violation of a constitutional right; and whether that right was clearly established at the

12   time of the events in question.   *Saucier v. Katz*, 533 U.S. 194, 201 (2001).   "The doctrine

13   of qualified immunity protects government officials 'from liability for civil damages

14   insofar as their conduct does not violate clearly established statutory or constitutional

15   rights of which a reasonable person would have known.'"   *Pearson v. Callahan*, 555 U.S.

16   223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).   "Qualified

17   immunity balances two important interests—the need to hold public officials accountable

18   when they exercise power irresponsibly and the need to shield officials from harassment,

19   distraction, and liability when they perform their duties reasonably."   *Id.*   "The protection

20   of qualified immunity applies regardless of whether the government official's error is 'a

21   mistake of law, a mistake of fact, or a mistake based on mixed questions of law and

22   fact.'"   *Id.* (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)).

23   Here, viewing the facts in the light most favorable to Plaintiffs, the Court finds

24   that Officer Fernandez is entitled to qualified immunity on both Plaintiffs' excessive

25   force and familial association claims.

26   The Court has already concluded that Officer Fernandez's mistake of fact

27   regarding who knocked out Wheatcroft was reasonable.   Though it is clearly established

28   that an individual has a right to be free from excessive force, and that "force is only

1    justified when there is a need for force," *Blankenhorn v. City of Orange*, 485 F.3d 463,

2    481 (9th Cir. 2007), a reasonably mistaken officer is justified in using "more force than in

3    fact was needed" when he or she believes that a suspect is "likely to fight back," *Saucier*,

4    533 U.S. at 205.   Plaintiffs argue that Officer Fernandez deployed his Taser against

5    Wheatcroft while he was "defenseless" and he "posed no immediate threat." (Doc. 307 at

6    2.)  Plaintiffs quote *Bryan v. MacPherson*, 630 F.3d 805, 809 (9th Cir. 2010) to argue that

7    "there was no immediate threat."   (*Id.*)   But in *Bryan*, the plaintiff was "obviously and

8    noticeably unarmed, made no threatening statements or gestures, did not resist arrest or

9    attempt to flee, but was standing inert twenty to twenty-five feet away from the officer."

10   630 F.3d at 809.  Here, Officer Fernandez testified at his deposition that he "couldn't see

11   what [Wheatcroft] was holding in his hands" and Wheatcroft was within several feet of

12   an unconscious officer while thrashing around. (Doc. 246-1 at 172).  Officer Fernandez's

13   single use of a Taser in dart mode was reasonable under the circumstances.

14          Likewise, given Officer Fernandez's mistake of fact and even viewing the facts in

15   the light most favorable to Plaintiffs, no reasonable jury could conclude that Officer

16   Fernandez had a purpose to harm Wheatcroft outside of legitimate law enforcement

17   objectives.  The Court has already determined that the purpose to harm standard applies

18   to the five-minute melee between the Defendant Officers and Wheatcroft.  (Doc. 294 at

19   24.)  Thus, Plaintiffs must prove that Officer Fernandez was driven by "illegitimate law

20   enforcement objectives," such as "bullying a suspect or getting even." *A.D. v. California*

21   *Highway Patrol*, 712 F.3d 446, 453 (9th Cir. 2013) (quoting *Wilkinson v. Torres*, 610

22   F.3d 546, 554 (9th Cir. 2010) (internal alterations and quotations omitted)).  Plaintiff's

23   evidence falls short of this standard.   (Doc. 307 at 5, *see also* Doc. 246-1 at 172.)

24   Considering Officer Fernandez's reasonable mistake of fact, no reasonable jury could

25   conclude that illegitimate law enforcement objectives were behind his decision to Tase

26   Wheatcroft one time.  Officer Fernandez believed Wheatcroft had struck Officer Lindsey

27   and knocked him unconscious and was still unhandcuffed.  Accordingly, his subsequent

28   decision to Tase him was not done with "an illegitimate purpose in mind." *Id.* (quoting

*Porter v. Osborn*, 546 F.3d 1131, 1140 (9th Cir. 2008)).

**IV.**

Defendants assert that "case law is legion that excessive force claims must be analyzed on an individualized basis." (Doc. 299 at 7.)  A motion for reconsideration may not repeat previously made arguments. LRCiv. 7.2(g).  As such, a motion for reconsideration should not be used to ask the court to rethink what it has already thought through in its previous ruling.  *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995).  Accordingly, mere disagreement with the previous order is an insufficient basis for reconsideration.  *Adams v. Symetra Life Ins. Co.*, No. CV-18-0378-TUC-JGZ (LAB), 2020 WL 4814249, at *2 (D. Ariz. Aug. 19, 2020).  Defendants' motion is denied because it relitigates arguments from the summary judgment phase.

Officer Fernandez also argues that he is "entitled to common law qualified immunity from Plaintiff's state law claims." (Doc. 299 at 9.)  But Plaintiff did not allege any state law claims against Officer Fernandez that survived the summary judgment stage.  (*See* Docs. 35, 294.)  Nevertheless, the Court, having granted summary judgment for Defendants on Plaintiffs' remaining § 1983 claims, dismisses Officer Fernandez from this case.  Defendants' remaining arguments, as related to Officer Fernandez's conduct forming the basis for Plaintiffs' state law claims, is better suited for a motion in limine, and is denied without prejudice.

**V.**

Accordingly,

**IT IS ORDERED granting in part and denying in part** Defendants' Motion for Clarification/Reconsideration. (Doc. 299.)

**IT IS ORDERED granting** Defendants' Motion for Summary Judgment (Docs. 245 and 274) as to Plaintiffs' claims for excessive force (Count I) and civil rights violations (Count V) as to Defendant Michael Fernandez.  As set forth herein, Defendants' motion for reconsideration is denied in all other respects.

///

1    **IT IS FURTHER ORDERED dismissing Defendant** Michael Fernandez as a

2 defendant from this case.

3    **IT IS FINALLY ORDERED** that the Clerk of the Court is directed to keep this

4 case open pending resolution of the remaining claims.

5    Dated this 15th day of April, 2022.

6

7

8                                     *Michael T. Liburdi*

                                      Michael T. Liburdi
9                                     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28