**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Johnny Wheatcroft, et al., | No. CV-18-02347-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | **NOT FOR PUBLICATION** |
| City of Glendale, et al., | |
| Defendants. | |

The matter before the Court is Defendants' Motion in Limine No. 14. Re: Minor Plaintiffs' State Law Claims. (Doc. 348.) Under Arizona common law, a law enforcement officer is entitled to qualified immunity for exercising discretionary functions. *Chamberlain v. Mathis*, 151 Ariz. 551, 557 (1986); *Spooner v. City of Phoenix*, 246 Ariz. 119, 124-25 (Ct. App. 2018). "Thus, an officer performing a discretionary act within the scope of his public duties may be liable only if grossly negligent." *Merritt v. Arizona*, 425 F. Supp. 3d 1201, 1231 (D. Ariz. 2019); *accord Krause v. County of Mohave*, CV-17-08185-PCT-SMB, 2020 WL 2541728, at *16 (D. Ariz. May 19, 2020).

The Court finds that, during their encounter with Plaintiffs and their on-scene investigation of Mr. Wheatcroft, the defendant police officers conduct involved the exercise of discretion. Plaintiffs did not clearly plead that the defendant police officers acted with gross negligence in violation of the minor Plaintiffs' state law claims. At the summary judgment stage, the Court concluded that the Plaintiffs appear to have "abandon[ed] any gross negligence cause of action they might have." (Doc. 294 at 33.) The

Court further found that Plaintiff did not offer any evidence that would lead a reasonable juror to find gross negligence. (*Id.*)

Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine No. 14 Re: Minor Plaintiffs' State Law Claims (Doc. 348) is **granted**.

**IT IS FURTHER ORDERED** precluding Plaintiffs from arguing at trial that the City of Glendale has liability for the minor Plaintiffs' state law claims based on the conduct of Officers Schneider and Lindsay.

Dated this 17th day of September, 2022.

Michael T. Liburdi
United States District Judge